Thomas Hornsby and Others v. Thomas S. Bacon.

The provision of the Constitution of the Republic of Texas, that if any citizen of the Republic should die intestate or otherwise, his children or heirs should inherit his estate, and that aliens should have a reasonable time to take possession of and dispose of the same, &c., was prospective in its operation, and did not include alien heirs of persons who had died previous to the organization of the Republic.

The headright (one-third of a league) of one who died in 1835, patented in 1846, did not descend to his heirs who were citizens of the State of Mississippi, they having no capacity to inherit at the time of the descent cast.

A patent issued in 1846, to "the heirs" of one who died in 1835, inures to the benefit of those only who were heirs at the time of the descent cast, and not to those who afterwards acquired such capacity before the patent, by the removal of their alienage. It is otherwise in respect to the legislative grants to the heirs of those who fell under Fannin, Travis, Ward, Grant and Johnson.

Appeal from Williamson. Tried below before the Hon. R. E. B. Baylor.

The facts are stated in the Opinion.

*Hamilton, Chandler* and *Chalmers*, for appellants, argued the points made as to the statute of limitations.

II. The proof shows positively, that Moses Hornsby died in August or September, 1835, at which time aliens could not inherit. (5 Tex. R. 212; 11 Id. 168.) The proof is equally clear that John W. and Felix Hornsby were at that time citizens of the State of Mississippi. The verdict was therefore contrary to law and the evidence.

*I. A. & G. W. Paschal*, for appellee. I. The right of the plaintiff's vendors is not controlled by the law of descents and distributions in force in 1835; and therefore it is unnecessary to examine whether an alien brother would inherit the real estate of his brother, or not. Because, first, Moses S. Hornsby had no land to inherit. Secondly, aliens might inherit personals, or mere equities against the Government; and such Government grants would inure to the benefit of the next of kin.

II. The right is not affected by the provision in the Constitution, nor by the nine years law enacted to carry it out. Because, first, the Constitution was intended to operate *in futuro*, and Hornsby was already dead. Secondly, before the right could have been lost to the alien heirs, annexation took place, and " the citizens of each State" became " entitled to all the privileges and immunities of citizens in the several States." Thirdly, there is no proof that any escheat was ever claimed or prosecuted by the Government of Texas. And *eo instanti* upon the naturalization, the right of the alien heirs related back to the date of the accrual of the right, whenever that was. (Fairfax v. Hunter, 7 Cranch, 603; Jackson v. Beach, 1 Johns. Cas. 399, and 4 Johns. R. 75; Bradwell v. Weeks, 1 Johns. R. 206; Moore v. White, 6 Johns. Ch. 360; Fairfax v. Southwick, 12 Mass. 143.)

There is no proof as to when the certificate issued; under what law, whether general or special. Every presumption in favor of the verdict.

HEMPHILL, CH. J. The appellee, Thomas S. Bacon, claiming under John M. & Felix Hornsby, sued Thomas Hornsby and others for the partition of a third of a league of land patented in 1846 to the heirs of Moses Hornsby. The petition alleges that Moses Hornsby died without children or surviving parents, leaving five brothers his heirs-at-law, viz: Reuben, Thomas, Duke, John and Felix Hornsby. The defendants pleaded a general denial; that Moses Hornsby died in Texas in 1836; that the plaintiff and those under whom he claims, were at that time aliens, and have never since become citizens of Texas. They also pleaded the limitation of nine years as against aliens; of ten, five and three years, and one year with valuable improvements, &c.

From the statement of facts it appears in proof, that John W. and Felix Hornsby were brothers and heirs-at-law of Moses Hornsby, deceased. (This has been qualified by appellee's counsel, as intended to mean only that they were brothers of the deceased who died without legal descendants or ascendants living;) that their interest in the land had been conveyed by valid deed to the appellee; that Moses Hornsby died in Texas in August or September, 1835; that at the time of his death he was a single man without descendants; that he had five brothers living,

viz: those named in the petition; that John W. and Felix, two of the brothers, at the time of the death of Moses, were citizens of the State of Mississippi, and have ever since continued to reside in that State. The other facts are not important in the view we shall take of the case. The plaintiff had judgment for partition. It is assigned

1st. That the Court erred in the charges asked by the plaintiff and given by the Court.

2d. In refusing all of the charges asked by defendants.

3d. In overruling the motion for a new trial, for all of the causes specified in the motion.

I shall not refer specifically to the several instructions given or refused. The leading point in controversy, in the apprehension of the parties and of the Court, (as is apparent from the instructions,) was that although John W. and Felix Hornsby (the vendors of the plaintiff) were aliens, yet they had nine years to become citizens of Texas, and take possession, or to sell their lands, the plaintiff contending (and it was so charged by the Court,) that the nine years commenced from the 28th January, 1840, the date of the law securing rights to aliens, if pursued within a limited time, (Hart. Dig. Art. 585,) and that before the lapse of that time the said Hornsbys became virtually citizens of Texas, by Annexation; the defendants insisting that the nine years commenced from the death of Moses Hornsby or from the second of March, 1836; but in this they were not sustained by the Court, and instructions to that effect were refused. This point was made by the defendants in their pleadings, that Moses Hornsby died in 1836, and in effect that the vendors of plaintiffs were aliens then and continued to aliens to the Republic of Texas. But upon the evidence no such question arose, in the cause. Moses Hornsby died in August or September, 1835, and not in 1836; that is, he died prior and not subsequent to the Constitution of the Republic, and the question is not during what period of time his brothers John W. and Felix, as aliens to the Republic of Texas, shall on pain of forfeiture pursue their claims to a share in his lands, but whether, as aliens to the Republic of Mexico, they have any claim to his real estate in possession or right at the time of his death.

The provision of the Constitution of the Republic of Texas, that if any citizen of the Republic should die intestate or otherwise, his children or heirs should inherit his estate, and aliens should have a reasonable time to take possession of and dispose

of the same, &c., is prospective in its operation. That such should be the operation of a Law or Constitution is *prima facie* presumed as the intention of the lawgiver. That it was in the power of the convention to have given a retroactive effect to this or any other provision of the Constitution is a political axiom not to be disputed; but this cannot be admitted as the intention unless expressly affirmed, or be the necessary result of the terms in which the provision is expressed. Clearly such was not the intention here. It provides for alien heirs only of "citizens of the Republic" (then in the act of creation) who "should die," &c., that is, who shall die hereafter, and not for alien heirs of persons who had died previous to the organization of the Republic. The right of the plaintiffs' vendors to claim this land by inheritance, must be tested by laws anterior to the Constitution of the Republic; and by them, as appears from our previous decisions, such right cannot be sustained. The plaintiff therefore can claim nothing through them by his conveyance. (Yates v. Iams, 10 Tex. R. 168.)

Whether the patent to the heirs of Moses Hornsby was in conformity with law need not be considered. This is the presumption. We must presume that there was legal proof of heirship prior to the issue of the certificate by the Board of Land Commissioners. But whether there be any legal heirs of the deceased, that is, whether any of his brothers resided in Texas at the time of his death or not, is immaterial in this suit. One thing is certain, the vendors of the plaintiff were not his heirs, and as the plaintiff must recover on the strength of his own title, he cannot sustain this action, his title being invalid and worthless.

Nor can the plaintiff claim the benefit of the exception to the general rule, established in Warnell v. Finch, 15 Tex. R. 163. This declares only that Congress, under the Constitution, might grant lands to alien heirs, as they would then hold by title emanating immediately from the Government, and that the legislation in relation to the grant of the headrights of those who fell with Fannin, Travis, Ward, Grant and Johnson, was such as to show that their foreign heirs were not intended to be excluded. But the exception extends no further. It embraces only the heirs of those who fell in the service of the country under these commanders. The vendors of the plaintiff, not being included in this special legislation, must establish their capacity as heirs of the deceased under general laws in force at the time of his death. And as they cannot claim under these laws, con-

sequently neither they nor the plaintiff, their vendee, have any title to the land in question.

The judgment is reversed and the cause remanded.

Reversed and remanded.