W. M. HAMPTON, SR., ET AL. v. W. M. HAMPTON, JR., ET AL.

No. 552.

1. **Pleading—Allegation.**—An allegation in an action to set aside a guardian's sale of the ward's property, that no purchase money had been paid for the property, negatively states that the minor had received no benefit therefrom.

2. **County Court—Proceeding to Vacate Guardian's Sale—Adjudicating Title to Land.**—A proceeding in the County Court to set aside a sale by a guardian of the ward's land does not empower that court to inquire into the merits of the minor's title, and the joinder of third parties who are subsequent purchasers of the land will not enable them to settle issues affecting their title not within the jurisdiction of the County Court.

3. **Same—Necessary and Proper Parties.**—Whether such subsequent purchasers were necessary parties or not, they were proper parties, and entitled to be heard in a matter which concerned the validity of a muniment in their title.

4. **Evidence—Fraud in Guardian's Sale.**—In an action by a ward to vacate a sale of his property made by the guardian, such guardian may testify that no consideration was paid him by the purchaser, although he had stated under oath in his official report that he had received the purchase money.

5. **Limitations—Vacating Guardian's Sale.**—Limitations against a proceeding by a ward to set aside a sale by the guardian does not begin to run until the ward attains majority.

6. **Guardian's Sale to Himself—Statute Construed—Subsequent Purchasers.**—The right of a ward to proceed under article 2582 of the Revised Statutes to set aside a sale by the guardian, because in reality made to himself, is not defeated by the fact that the property has subsequently been conveyed to third parties.

7. **Same—Election of Remedies—Suit on Guardian's Bond.**—Nor will the fact that the ward may have recourse against the guardian and the sureties on his bond interfere with his right to have the sale set aside, if he so elects.

8. **Costs—Statute Construed.**—In a proceeding in the County Court to set aside a guardian's sale, the judgment was for plaintiffs and against all the defendants for costs; and on appeal to the District Court the judgment was again for plaintiffs but against only one of the defendants for costs. *Held,* that the judgment in the District Court was not for a less sum than in the County Court, within the meaning of article 1432 of the Revised Statutes; so as to entitle the other defendants to recover their costs in the District Court.

APPEAL from Guadalupe. Tried below before Hon. T. H. SPOONER.

From the order of the County Court setting aside the guardian's sale, only the defendants E. Morris and Hoffman appealed to the District Court, and they alone prosecute this appeal from the judgment of the District Court, which also vacated and annulled the sale.

*John Ireland* and *J. B. Dibrell*, for the appellants Morris and Hoffman.—1. The indirect purchase of a ward's property by the guardian

does not of itself render the purchase void, but it becomes voidable upon the proper showing that the sale was made for an inadequate price. The effect of this suit is of trespass to try title. All the purchasers under Mrs. Hampton are made parties, and while they are held in court and made to abide the consequences of the suit, yet they are not allowed to plead any defenses affecting their rights. Rev. Stats., art. 2582; Weems v. Masterson, 80 Texas, 49; Heath v. Layne, 62 Texas, 689; Lyne v. Sanford, 82 Texas, 63; Kendrick v. Wheeler, 85 Texas, 247; Herndon v. Rice, 21 Texas, 458; Hartwell v. Jackson, 7 Texas, 578; Pardue v. James, 74 Texas, 299.

2. The appellants, Morris and Hoffman, having been made parties, should have been allowed to plead any defense that would defeat the cause of action. If it were true that the land in controversy was really the property of Mrs. Hampton, and that the order of court was made for the purpose of placing the title where it rightfully belonged, these defendants should not have been deprived of their right by the court. If such plea made the case one of trespass to try title, then the plaintiffs had no right to make these defendants parties to this suit, and this suit should have been commenced in the District Court.

3. A party can not testify to his own fraud, and if he himself can not so testify, it would be improper to permit some one else to testify to what such person said. 1 Greenl. on Ev., secs. 383–385.

4. It was proven that the guardian had reported to the Probate Court of Guadalupe County under oath that he had received the purchase money for the property sold by him. This was sufficient in law to bind the guardian and his bondsmen for the amount of the purchase money, and the court erred in failing and refusing to impose upon the plaintiffs the penalty of restoring the purchase money and interest that had been paid their guardian, and forcing plaintiffs themselves to sue on the bond of the guardian. They should have been required to do equity before the court set aside the order and confirmation of sale. Kendrick v. Wheeler, 85 Texas, 247; Pardue v. James, 74 Texas, 299.

5. The application of plaintiffs' guardian for sale of land, the order granting the sale, and the confirmation of same, all show that the Probate Court authorized and virtually made the sale to Mrs. Hampton, and that the sale and purchase was not made by the guardian under such circumstances as would bring the same within the prohibitory statute. And such orders further show that the sale to Mrs. Hampton was authorized by the Probate Court under such state of facts as to make the same an adjudication by a court of competent jurisdiction, and the trial court erred in not so holding, and in setting aside the sale. Weems v. Masterson, 80 Texas, 45.

6. The suit should have been brought within two years after the order of confirmation was granted. After the lapse of two years the plaintiffs were barred. Heath v. Layne, 62 Texas, 694.

*Webb & Finley*, for appellees.—1.   Article 2582, Revised Statutes, prohibiting the guardian from purchasing the real estate of his ward, applies to a purchase made at such sale by the guardian's wife, even though the real estate be purchased with the wife's separate funds, and for a fair price, and adequate compensation.   The fact that the husband would be entitled to the rents as community, and at the death of the wife to a definite interest in the property, and as well to other interests which the law recognizes, brings such purchase within the operation of the statute; and in a case coming under the operation of the statute, the adequacy, or inadequacy of the price paid, cuts no figure.   Being in violation of the statute, the sale ought to be declared void in accordance with its terms.   Rev. Stats., art. 2582; Hugo v. Green, 17 S. W. Rep., 79; 81 Texas, 452; Tyler v. Sanborn (Ill.), 21 N. E. Rep., 193; Woodard v. Jaggers, 2 S. W. Rep., 851; 6 S. E. Rep., 586.

2.   The proceeding is not a suit in trespass to try title, nor one to recover property, but is a suit in the nature of a bill of review, to set aside an order of court authorizing the sale of property.   This order of court may chance to be a muniment in appellant's chain of title; but appellant may hold another and different title to the property. Fortson v. Alford, 62 Texas, 576; Heath v. Layne, 62 Texas, 690; Fisher v. Wood, 65 Texas, 199; Rutherford v. Stamper, 60 Texas, 450.

3.   The County Court of Guadalupe County has no jurisdiction to entertain a cause of action of defense adjudicating the title to land, or involving a trial of title to same; and further, that such issues are immaterial to the determination of the real issue in this case; that is, the setting aside an order of court.   Const., art. 5, sec. 8; Rev. Stats., art. 1117; Scripture v. Kent, 1 Ct. App. C. C., 105, 106; Haynes v. Milliken, 2 Ct. App. C. C., 223; Hohere v. Brown, Id., 541.

4.   Appellees have the right to elect which remedy they shall pursue, (1) whether to sue the guardian or his bondsmen, (2) to institute a proceeding to set aside the order of court, and the law fails to impose upon appellees the duty or the necessity of adopting the course first suggested.

JAMES, CHIEF JUSTICE.—W. M. Hampton, Sr., was guardian of the estate of W. M. Hampton, Jr., and Jennette Hampton, minors, guardianship in the County Court of Guadalupe County.   Through orders of that court a sale was made of inventoried property by the guardian to Mary L. Hampton, who was his wife, by deed dated June 9, 1881, the orders and deed reciting a consideration of $1000, which represented at that time the fair value of the property.   W. M. Hampton and Mary L. Hampton sold it by warranty deed to E. Morris, one of the appellants, on July 21, 1881, who resold to Hoffman, the other, by warranty deed.

On July 28, 1891, the wards, Wade M. Hampton, Jr., then recently of age, and Jennette Hampton, then still a minor, suing by next friend,

instituted this proceeding in the County Court to have the sale declared void, the defendants being the guardian, his wife, and the appellants Morris and Hoffman, who were the interested parties under warranty deed from them.    The appellants had actual notice when they bought, that the land had been conveyed by the guardian to his wife from the fact that the wife appeared as such by the same name as in the guardian's deed, in the deed under which appellant's claim, and besides they knew of the relationship by acquaintance with the family.

The evidence is conflicting as to whether or not any consideration passed from the wife to the husband, but we conclude from the evidence and circumstances that none was paid.    The evidence that would go to show that the consideration called for in the deed was paid, does not show that the funds were the separate property of the wife, and there is no evidence that the plaintiffs received the benefit of any of the purchase money.

*Conclusions of Law.*—The petition alleged that the deed was by the guardian to his wife, and that appellants who purchased from and under them had knowledge of that fact when they bought.    It was also alleged that no consideration had been received by the guardian.    The allegation that no purchase money was paid negatively states that the minors received no benefit therefrom.    There were general and special exceptions to the petition, and the propositions in respect to these exceptions assert that the statute (Revised Statutes, article 2582) prohibiting the guardian from purchasing the property of his ward "has no application to a purchase made by the guardian's wife with her separate funds, and especially when she pays a full, fair, and adequate price therefor, and that the mere fact that the husband would be entitled to the rents as community property, or at the death of the wife to a life interest in such property, would not bring such purchase within the rule laid down in said article; and that the indirect purchase of a ward's property by the guardian does not of itself render the purchase void, but it becomes voidable upon proper showing that the sale was made for an inadequate price."

The inapplicability of these propositions to the petition appears from the fact that the latter contains an allegation that nothing was paid to the guardian for the property, and it states nothing that would imply that the land was paid for out of the separate funds of the wife. These are the only propositions that legitimately relate to the first assignment of error.    We may, however, notice the second special exception of appellants as follows: "The petition shows from its allegations that this is a suit of trespass to try title, and not a suit to vacate an order or judgment of the Probate Court, and that these defendants were not parties to the order or judgment sought to be vacated, and are improperly joined in this suit, and they pray that they be dismissed."    It appears that this exception was abandoned.

The second assignment relates to the striking out of that portion of appellant's answer which undertook to plead that the minors had in fact no title to the property, for the reason, as alleged, that it was originally paid for with the separate funds of the wife and the title taken in the name of the minors, and that the proceedings in the County Court which led to the sale were taken merely for the purpose of placing the title in Mrs. Hampton, where it rightly belonged; and also to the striking out of other parts of the answer, to wit, the allegation that plaintiffs had full and adequate legal remedy against their guardian and his sureties, and the allegation that this suit was apparently against the guardian, but that the acts of plaintiffs and of the guardian were of such a suspicious nature as to constitute fraud on their part against the appellants, Morris and Hoffman.

The only proposition offered under this assignment is that appellants, having been made parties, should have been allowed to make any defense that would defeat the cause of action, and that if it were true that the property was in fact the property of the wife, and that the purpose of the order was to place the title where it belonged, they were entitled in the proceeding to show it.

The proceeding in the County Court to vacate the sale did not open the door for an inquiry there into the merits of the minor's title. This is obvious from the want of jurisdiction of that court to adjudicate title to real property. The petition was based partly on the provisions of article 2582, alleging a sale of the wards' property by the guardian to himself, and in addition thereto a cause for setting aside the sale was alleged to be fraud, involved in the fact that the consideration was not paid, and praying for an order declaring void the sale. The joinder of third parties claiming to hold title under the sale would not have the effect of enabling them to settle issues affecting their title not within the jurisdiction conferred on that tribunal.

It is not essential for us to say that appellants were necessary parties to the proceeding. They appeared and formally abandoned the position first taken by them that they were not proper parties. That they were proper parties, and entitled to be heard in a matter which concerned the validity or existence of a muniment in their title, we have no doubt. But the particular issue of title mentioned in the proposition we are considering was not determinable in that tribunal.

The third assignment is, that the court erred in admitting the plaintiff Wade M. Hampton, Jr., to testify that the defendant Wade M. Hampton, Sr. (the guardian), had told him that in the sale of the land to Mary L. Hampton no money passed and no consideration was paid said guardian, for the reason "that the guardian had reported under oath that he had received the purchase money, and he was not a competent person by whom to prove his own flagrant fraud." We notice that the assignment does not go to the hearsay character of the evidence. We must therefore treat this declaration as if it had been testimony given by the guardian himself. The proposition is, that a

person can not testify to his own fraud, and if he himself can not so testify, it would be improper to permit some one else to testify as to what such person said.   The guardian was in our opinion a competent witness to testify to the facts relating to the sale, although he might not have been permitted to impeach his own acts in a case of benefit to himself.   1 Greenl. on Ev., sec. 384.

The fourth, fifth, sixth, and seventh assignments of error present questions that we will discuss together.   The points asserted briefly stated are: first, that the guardian having reported to the court that he had received the purchase money, he and his sureties were liable to plaintiff for the amount thereof, and the court should not have set the order aside without requiring plaintiffs to restore the same; second, that the property having been sold for its full value, there was no fraud on the minors, and the court erred in setting aside the order; third, that the court authorized and confirmed the sale to Mary L. Hampton under such state of facts as to make it an adjudication by a court of competent jurisdiction, and therefore there was error in vacating the sale; and fourth, that the orders did not disclose the fact that the purchaser at the sale was the wife of the guardian, and were not on their face void, and being voidable only, the petition should have been filed within two years after the sale was confirmed, and the court erred in not so holding.

The proceeding to set aside the sale under the provisions of said article was, considering the status of the plaintiffs, brought in time. Heath v. Layne (opinion on motion for rehearing), 62 Texas, 694; Rev. Stats., art. 3222; Rutherford v. Stamper, 60 Texas, 447.

The question of limitations or laches was not raised by the pleadings.

The statutory provision (article 2582) would seem from its language to contemplate a suit against the guardian while he still held the property, and to require the sale to be set aside peremptorily on proof of a direct or indirect sale to himself.   It would, however, be giving the statute a very contracted effect, one we think not intended, to hold that if the guardian had in the meantime conveyed the property, it would cease to have application.   Its object was to make such purchase a ground for annulling the sale in unmistakable terms; and the court having jurisdiction expressly given it to declare the sale void for this reason, it could adjudicate the matter as to all interested parties, and make its decrees complete and effectual.

Such transaction by a guardian was, without the aid of this statute, ground for avoiding the sale, unless the property had passed into the hands of innocent third persons.   1 Bigelow on Fraud, 342.   And we are of the opinion, that having knowledge that the sale was one which the law regards with suspicion and prohibits, purchasers would be thereby affected with notice of any fraud committed on the minors in the transaction.   Attorney-General v. Smith, 31 Mich., 360.

In suits to set aside a sale, the court whose jurisdiction is invoked may grant the relief on performance of conditions that appear equi-

table in favor of parties who have dealt in good faith with the guardian, or to whom the setting aside of the sale otherwise would be a palpable injustice.    Kendrick v. Wheeler, 85 Texas, 253.

Whether under the terms of this statute that character of decree could be entered, we need not decide.    But it is not believed that such conditions should be imposed where the sale is one forbidden by law, and those who have become interested were informed of the fact when they purchased; and it does not appear that, assuming the guardian had received the purchase money, the minors derived any benefit from the sale.    Conceding that plaintiffs may have had recourse on the guardian and his sureties, we conclude that this fact would not interfere with their prosecution of this remedy, if they so elected.    These several assignments do not present any error.

The eighth assignment is, that the facts were that Mrs. Hampton, while wife of the guardian, paid a fair price for the property out of her separate funds, and that it was adjacent to her homestead and used as a part of the same and not rented, and that her husband had no interest direct or indirect in said property, and therefore the said article has no application.    We have found that it does not appear that she made payment out of her separate funds or otherwise, which leads to the conclusion that what interest or title was conveyed was community. It has been stated in this connection that a husband acquires a personal interest in property paid for by the wife's funds.    Green v. Hugo, 81 Texas, 457.    The assignment is without merit.

The ninth assignment is as to costs.    In the County Court plaintiffs were awarded a decree, and costs were adjudged against all the defendants.    The District Court adjudged costs against the guardian alone.    It is contended that this made the judgment of the District Court for a less sum than that recovered in the County Court, and therefore a judgment should have been rendered in favor of appellants for their costs in the District Court.    The statute referred to for this rule, article 1433, Revised Statutes, clearly does not apply to a case of this kind.

The judgment is affirmed.

*Affirmed.*

Delivered January 23, 1895.