### J. L. PACE ET AL. v. W. M. FISHBACK ET AL.

#### No. 857.

1. **Estate of Decedent—Revocation of Order of Sale—Administrator's Deed.**—Where an order of sale was made by the Probate Court in October, 1871, authorizing the sale of a lot belonging to the estate, and in February, 1872, another order was made directing the sale of only an undivided half of the same lot, the effect of the second order was held to revoke the first, and restrict the authority of the administrator to that given in the second, and administrator's deed conveying the whole lot was without authority.

2. **Same—Presumptions by Lapse of Time.**—Presumptions from lapse of time will not be indulged, unless it is shown that the record itself can not be produced; and the presumption must be consistent with the case made.

3. **Same—Purchaser at Void Judicial Sale—Refunding Purchase Money.**—Where a void sale has been made, and the price has been paid to the administrator, and applied to the discharge of debts against the estate, a recovery in favor of the estate should not be allowed until the amount thus paid, with interest, has been refunded.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*James B. & Charles J. Stubbs*, for appellants.—1. When an administrator acts under an order directing him to sell a half-interest in a tract of land, and he reports compliance with the order, and the court confirms the sale of such half-interest, no title passes to the remainder of such land, although the administrator by his deed may attempt to convey the entire tract. Such deed has no validity to the extent that it departs from the terms of the order of sale and decree of confirmation.

2. The power of the administrator to convey the land of an intestate is derived from the court. He can convey only that which the Probate Court has, in the manner prescribed by law, authorized him to convey. Collins v. Ball, 82 Texas, 266.

3. The order of sale, the sale, and the confirmation thereof and compliance by the purchaser with the terms of sale, constitute an equitable title. McBee v Johnson, 45 Texas, 643, and cases cited.

4. In the case at bar, the confirmation of the sale of the entire lot, if such sale was ever made by the administrator, is lacking, and that is an indispensable constituent of a valid probate sale. Brown v. Christie, 27 Texas, 73; Rock v. Heald, 27 Texas, 523; Peters v. Caton, 6 Texas, 559.

*Gresham, Jones & Wheless*, for appellees.—1. Notwithstanding the court may have ordered the sale of only an undivided half of the lot, yet if the administrator sold the whole of the lot, under this order, and so reports to the court, and the court confirms the sale of the whole, the presumption will be that the court was fully satisfied of the necessity for the sale of the whole, and that the administrator acted with authority and under the direction of the court, and said sale can not be attacked collaterally twenty years after it is made. Lyne v. Sanford, 82 Texas, 58; Copt v. Stubbs, 68 Texas, 224; Heath v. Lynne, 62 Texas, 691; George v. Watson, 19 Texas, 368; Firebough v. Ward, 51 Texas, 414; Hurley v. Barnard, 48 Texas, 87.

2. If there is no evidence to show that the administrator'r sale was not fairly and honestly made every presumption will be indulged in its favor, and mere irregularity in the proceedings will not invalidate the sale. Such a sale would not be void, and could be attacked only in a direct suit for that purpose within the time prescribed by law. The plaintiffs are estopped by their laches from questioning the validity of the proceedings at this late date. Furthermore, the money derived from the sale was applied in payment of community debts. The survivor in community can sell even the homestead to pay community debts. The court could certainly do so. Ashe v. Youngst, 65 Texas, 635; Fagan v. McWhirter, 71 Texas, 567.

WILLIAMS, ASSOCIATE JUSTICE.—In the case of Ball, Hutchings & Co. v. Collins, reported in 5 Southwestern Reporter, 622, it was held, that an order of sale by the Probate Court was essential to the validity of a sale of land belonging to an estate, made by an administrator; and that the absence of such an order was not supplied by an order of confirmation. That question was thoroughly discussed on motion for rehearing, and the decision was adhered to by the Supreme Court.

On the trial of the present case in the court below, appellee Fishback claimed the land in controversy under a sale made by the administrator of the estate of Parker Smith, in 1872. An order of the District Court, made in October, 1871, authorizing the sale of the whole of lot number 45, section 1, on Galveston Island, and another order made at the February Term, 1872, authorizing a sale of only an undivided half of the same lot, were produced. The effect of the second order was, we think, to revoke the first, and to restrict the

authority of the administrator to that given in the second. There was not only the absence of an order authorizing a sale of one-half of the lot, but authority previously given to sell the whole was shown to have been withdrawn. Whether the decision referred to is correct or not, the evidence produced by appellee was not sufficient to sustain the sale. It might be admitted that an order of confirmation, with the administrator's deed, would afford presumptive evidence of the previous grant of authority to make the sale, in the absence of evidence as to such authority; but here the authority relied on is produced, and consists of an order which has the effect to withdraw a previous authority to sell the whole lot, and to substitute authority to sell only one-half of it. Nor is. the confirmation shown to have been such as would supply the place of a previous order authorizing a sale of the whole lot, even if it were admitted that an order of confirmation could have such effect. The report of sale states that the sale was made in accordance with the order of February Term. If it was in fact made in accordance with such order, only one-half of the lot was sold. The report designates the property sold, as follows: "Galveston property, lot 45, section 1, outlot, to Clough and Johnson, $652—$326."

The order of confirmation recites that the sale was made in pursuance of the February order; that it was of land and city lots (some of which lots were in Houston), and confirms the sale generally, without mentioning any land particularly. This record does not make it by any means certain that a sale of the whole of this lot was acted on and confirmed by the court. The sale, as reported, is confirmed. That sale is reported to have been made in pursuance of an order which authorized the sale of only one-half of the lot. In designating the property sold, it mentions the lot, and not simply the half of it, but the administrator seems to charge himself with the price of only half. This might be supported as a confirmation of a sale which had been authorized by previous order, but can hardly be held sufficient to supply the place of a previous authority to sell. If an order of confirmation could in any case be held sufficient to pass title without previous order of sale, it would certainly be essential that it be shown that the sale sought to be upheld under it was passed on and ratified by the court. This the probate record, as produced, fails to do. It is true that a paper filed some days previous to the report of sale is produced, in which the administrator states that he has sold the balance of the lands of the estate; but no action of the court is shown to have been taken on such paper, the order of confirmation reciting only the report of sale referred to.

It is urged that we should presume, after this lapse of time, that the proper orders were made. It is shown that the papers of the estate have been burned, though copies of two of them were produced; but it is not suggested, even, that the records containing the orders of court were destroyed. It may be that there was another order at the February Term, 1872, correcting that in evidence, but in the absence

of circumstances making it proper to do so, we can not presume that there was. In any case, a party asking to have such a presumption indulged must show that the record itself can not be produced (Tucker v Murphy, 66 Texas, 359), and that the presumption is at least consistent with the case he makes. Here the orders relied on to sustain the sale are produced, and are not sufficient for the purpose, and as the case stands now, there is no room for a presumption or inference of the existence of any other.

It appears that the administrator in fact made a deed conveying to the purchasers the whole of the lot, and this deed recites the payment of $652 as the purchase money. But the deed has no effect without authority from the court. Authority from the court is essential to pass the title. The report of sale states that the cash received by the administrator from the sales was applied to payment of debts of the estate, but this does not necessarily mean that any of the cash received, before the report was made, was paid upon the purchase of this land, which seems to have been sold upon six months' credit.

The judgment will be reversed and the cause remanded, in order that defendants may, if in their power, adduce other evidence in support of the sale. The sale of one-half of the lot is good in any event. The objection, that the February order mentions the lot as in the city of Galveston, is not well taken. The record shows that to be a clerical error. It is to be presumed that there is but one section 1 in Galveston County, and but one outlot 45 in that section. If it is not in the city, that particular can be rejected, and the remaining particulars are sufficient. If the sale should be found void as to half of the lot, and it should be shown that the price was paid to the administrator and applied to the discharge of said debts against the estate, the plaintiffs should not be allowed to recover until they refund the amount thus paid, with interest. Halsey v. Jones, 86 Texas, 490.

*Reversed and remanded.*

Delivered May 16, 1895.