MARIA DE LA LUZ GARCIA ET AL. v. JOHN ILLG.

Delivered October 7, 1896.

1. **Married Woman's Deed With Another—Defective Acknowledgment.**
The deed of a married woman not acknowledged by her in accordance with the statute is an absolute nullity as to her rights, but where she executes a joint deed with another person, the fact that it fails to pass her right, because of her defective acknowledgment, does not invalidate it as to the interest of such other person.

2. **Trespass to Try Title—Recovery in Part.**
Where plaintiff sues in trespass to try title for the whole of the tract of land, he may recover such undivided interest therein as the proof shows he is entitled to.

3. **Same—Partition—Improvements in Good Faith.**
Where plaintiff in trespass to try title recovers an undivided interest in the land, the question of the value of the improvements for which he may be held responsible can only be determined in partition, as it may be that on an equitable division of the land no improvements will be allotted to plaintiff.

ON MOTION FOR REHEARING.

**4. Partition—Void Deed of Married Woman as Power of Attorney.**

Where a married woman conveyed land by a deed absolute, which proved void for want of the statutory acknowledgment, she cannot be held to have authorized or ratified a partition of the land subsequently made by her vendee for himself, because her deed contained an expression authorizing the vendee, as such, to make a partition of the land—such language in a deed absolute being mere surplusage.

**5. Adverse Possession of Cotenants.**

That a tenant in common, a co-heir, took possession of the entire tract of land, paid taxes on the whole of it, made some improvements thereon, and declared to his son at some indefinite time that he claimed the whole of it, are acts not sufficient to show a possession adverse to that of his cotenants; who are not shown to have had notice of the adverse claim.

**6. Same—Admission by Cotenant.**

Whatever probative force and effect the acts of a tenant in common, showing adverse possession, may have had, they may be effectually removed by his subsequent admissions, as where he afterwards joins in a deed with his cotenant in conveying the land.

ERROR from Bexar. Tried below before Hon. S. G. NEWTON.

*Joseph Ryan* and *Vernor & Robinson,* for plaintiffs in error.—1. To legally convey real property of a married woman, she and her husband must both join in and sign written conveyance thereof, and the certificate of acknowledgment thereto must affirmatively show a privy examination of her by the officer taking same, separate and apart from her husband, together with a full explanation to her of such conveyance, and an acknowledgment by her of such instrument as her act and deed and that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it.

Unless so signed, acknowledged and certified to, a married woman's purported conveyance of realty, is absolutely void. The doctrine of estoppel does not apply to a married woman seeking to recover real property so attempted to be conveyed, by a void instrument, she not being guilty of some positive fraud or suppression or concealment equivalent thereto. Sayles' Civ. Stats. sec. 4310 (P. D. 1003); Berry v. Donley, 26 Texas, 737; Eckhard v. Schlect, 29 Texas, 130; Smith v. Elliott, 39 Texas, 201; Fitzgerald v. Turner, 43 Texas, 79; Looney v. Adamson, 48 Texas, 619; Johnson v. Bryan, 62 Texas, 623; Williams v. Ellingsworth, 75 Texas, 480; Blagge v. Moore, 23 S. W. Rep., 472; Hayden v. Moffatt, 74 Texas, 647; Devlin on Deeds, sec. 548; Webb, Record of Title, secs. 103-110.

2. A partition of land between one who owns an undivided interest therein, and one who owns no interest whatever therein, is no partition, and neither confers upon one nor takes from the other any right. A valid assignment to, or legal authority in one purporting to act in a partition as an assignee of another, must be shown before the acts of such assignee are valid. Davis v. Agnew, 67 Texas, 214; Peak v. Brinson, 71 Texas, 314; Conner v. Boutwell, 53 Texas, 627; Card-

well v. Rogers, 76 Texas, 37; Johns v. Roberts, 74 Texas, 617; Stiles v. Japhet, 84 Texas, 91; Graham v. Stuve, 76 Texas, 533.

3. A party is bound by the recitals contained in the deeds under which he claims title. The deed to Illg from Lehman, as well as the partition deed between the latter and Jose Antonio Guiterez, all refer to the interest of plaintiffs and their mother, Concepcion, in the property in controversy. Illg himself had and still has possession of all these documents, and himself had them filed and recorded, all at the same time, Box v. Lawrence, 14 Texas, 545; Renick v. Dawson, 55 Texas, 109; Willis v. Gray, 48 Texas, 469; Gaston v. Dashiell, 55 Texas, 517. "The mere fact that one of decedent's heirs takes possession of his land, receives rents and pays taxes and makes a few repairs is not enough to give title by limitations against the other heirs who live at a distance and are not shown to have known of these facts." Phillipson v. Flynn, 19 S. W. Rep., 137; Freeman on Cotenancy, sec. 166; Alexander v. Kennedy, 19 Texas, 492; Giekey v. Peeler, 22 Texas, 669; Teal v. Terrell, 58 Texas, 257; Flanagan v. Boggess, 46 Texas, 331; Allen v. Long, 16 S. W. Rep., 46. "A single lisp of acknowledgment of the owner's title, by the defendant, is fatal to the latter's right to recover by limitations." Railway v. Wilson, 83 Texas, 157.

*Franklin & Cobbs*, for defendants in error.—1. The instrument executed between Maria la Luz Garcia et al. and Conrad Lehman was properly admitted in evidence. Its execution was proven by the testimony of all of the plaintiffs, and it was admissible therefore, independent of the agreement of counsel. Whilst not good as a conveyance from the married woman, because of defective acknowledgment, yet it appearing that Lehman had acted thereunder, effected a partition thereunder, and plaintiff had gotten the share coming to her in said partition, she can not now recover the part set apart to defendant's grantor in said partition without returning the part received by her. This she has not done and does not offer to do. She is estopped, therefore; even if the verdict is not supported on the issue of limitation, yet it is the only verdict that could have been rendered as the evidence of said estoppel is uncontradicted.

2. Whilst said deed or instrument from plaintiff to Lehman and the deed from Lehman to Guiterez were introduced by plaintiff only to show that defendant was claiming under a common source of title, yet in order to avail plaintiffs in the suit, it must appear therefrom that they hold the superior title under such common source. If the instruments fail to show this, then plaintiffs have failed in their suit. These instruments taken together, in connection with the evidence of plaintiffs, show that an amicable partition was duly made between Lehman and Guiterez, authorized by the plaintiffs, and subsequently ratified by them, and that a portion of the property partitioned was set apart to Lehman for plaintiffs, and they received value for same from him. Plaintiff in error, therefore, cannot disturb the title or possession of defendant

without returning the benefits of said partition, and this she has not done nor offered to do, and is not, therefore, entitled to recover herein. Hartwell v. Jackson, 7 Texas, 581; Womack v. Womack, 8 Texas, 397; Stephens v. Shaw, 68 Texas, 261; Wardlaw v. Miller, 69 Texas, 395; Bull v. Serier, 11 S. W. Rep., 508; Woodward v. McNeill, 75 Texas, 146; Shivers v. Simmons, 28 Am. Rep., 395.

3.    As a partition of land is not within the Statute of Frauds, neither is it controlled by the statutes regulating conveyances of real estate by married women, and a married woman can effect a partition of her realty by parol.    Wardlaw v. Miller, 69 Texas, 397; Aycock v. Kimbrough, 71 Texas, 333; Stewart v. Baker, 17 Texas, 420; Gibbons v. Bell, 45 Texas, 423; Shannon v. Taylor, 16 Texas, 413; Johnson v. Johnson, 65 Texas, 87.

FLY, ASSOCIATE JUSTICE.—Maria de la Luz Garcia, joined by her husband, Genevevo Garcia, and Josefina Jewett, residents of the Mexican Republic, instituted this suit against defendant in error, in trespass to try title to a certain lot of land on the north side of Dolorosa street, just west of San Pedro creek in the city of San Antonio.    Defendant in error pleaded three, five and ten years limitation, and improvements in good faith.    Plaintiffs in error excepted to the answer, and in avoidance of the pleas of limitation, pleaded continued coverture of Mrs. Garcia since November 9, 1862.    The case was submitted to a jury, and resulted in a verdict and judgment for defendant in error.    This writ of error was sued out by Maria de la Luz Garcia and her husband.

The exceptions aimed at the pleas of limitation were properly overruled.    The pleas contained all of the statutory requirements.

The demurrer to the plea of improvements in good faith was not well taken.    The deed from Maria and Genevevo Garcia and Josefina Jewitt to Conrad Lehman was, although not legally acknowledged by the married woman, properly admitted as evidence against Josefina Jewitt, and it was the duty of the court to restrict the evidence so as not to affect the right of the married woman.    The question of the admissibility of the copy of the deed taken from the record under the terms of the agreement of counsel will not probably arise on another trial, and it will not be necessary to express an opinion on that point.

The facts in this case show that the common source was Clara Ximenes. From her the property descended to her son Antonio Guiterez, who married Josefa Silva, who bore him two children, Antonio Guiterez and Maria Concepcion Guiterez, who upon the death of their father in 1816 inherited the land in dispute.    The latter married one Jewitt and bore him two children, Maria, who, in 1862, married Genevevo Garcia, and Josefina Jewitt who never married.    After the death of their parents, the title to their mother's property passed to Maria and Josefina. The interest of Josefina was conveyed by her to Lehman, and if it had not been so conveyed, was lost to her by limitation.

The deed to Conrad Lehman was made in 1875, when Mrs. Garcia

was a married woman, and the deed not being acknowledged by her in the manner required by the statute, was, so far as she was concerned, an absolute nullity.   Berry v. Donley, 26 Texas, 737; Cross v. Everts, 28 Texas, 524; Whetstone v. Coffey, 48 Texas, 269; Looney v. Adamson, 48 Texas, 619; Breitling v. Chester, 88 Texas, 587.   As said by the court in the case of Cross v. Everts, above cited, "The privy examination, acknowledgment and declaration before the officer, as required by the statute, is the essence and foundation of the obligation of her deed."   The title of Mrs. Garcia to a one-fourth undivided interest in the land is still in her, unless the same has been lost by limitation.

For limitation to prevail, the adverse possession of the land must have begun prior to November 9, 1862, when Mrs. Garcia was married, and that adverse possession must, to avail defendant in error, be connected with the title of defendant in error, or must show an outstanding title in some other person.

It is claimed by defendant in error that the evidence of Santiago Guiterez shows that his father Antonio Guiterez was holding adverse possession of the land for many years before the marriage of Mrs. Garcia, which contention we do not think is well founded, but if it were true, it could not result in any benefit to defendant in error, because no privity is shown between the title of defendant in error, and that of Antonio Guiterez.   This was necessary in order for defendant in error to avail himself of such possession.   Wheeler v. Moody, 9 Texas, 372; Trueheart v. McMichael, 46 Texas, 222; Dotson v. Moss, 58 Texas, 152.   Defendant in error claims title through the deed of the plaintiffs to Conrad Lehman, and it does not appear how the possession of one claiming adversely to the title of the vendors of defendant in error could inure to his benefit.   The facts failing to show adverse possession in Antonio Guiterez, the question of outstanding title can not arise.   The deed of partition executed by Antonio Guiterez settles the question of adverse possession in favor of plaintiffs in error.   The deed recites that "Conrad Lehman, assignee of Maria de la Luz Garcia and Genevevo Garcia, her husband, and Josefina Jewitt, children and only heirs of Concepcion Guiterez y Silva de Jewitt, who was a daughter of D'na Josefa Silva, and Jose Antonio Guiterez, son of said D'na Josefa Silva, deceased, are joint owners of an undivided lot or parcel of land in the City of San Antonio, Texas."

Mrs. Garcia was not a party to the partition of the land between Lehman and Guiterez, and was not bound by it.   No ratification of the partition is shown by the record.   The acts of plaintiffs in error in suing defendant in error for the whole of the land allotted, in the partition to Lehman, does not indicate a ratification of the deed to Lehman or of the partition deed signed by Lehman.   Plaintiffs in error, having sued for the whole of the land, could recover the interest they may be entitled to.

The question of any equities that might possibly arise in regard to the money received by Mrs. Garcia from Lehman, although urged in

the brief of defendant in error, is not raised in the pleadings, if in the evidence, and we are not called upon to discuss it.

It has been held in this State that "notwithstanding the deed of a married woman may be invalid, and would convey no title by reason of a non-compliance with the statute, nevertheless such a deed may serve as a basis for a claim for the value of improvements made in good faith." Johnson v. Bryan, 62 Texas, 623. In the same opinion the following language is used: "All who deal with a married woman directly, or deal in any manner affecting her rights, are chargeable with a knowledge of her disability, and that she can only convey land in the manner prescribed by statute." There is an inconsistency between that declaration and the one first quoted that we do not undertake to reconcile.

As plaintiff in error can only recover a part of the land in controversy, the question of the value of the improvements for which they might be held responsible, can only be determined in partition, as it may be that on an equitable division of the land, no improvements would be allotted to plaintiffs in error. Yaneey v. Batte, 48 Texas, 46; Johnson v. Bryan, 62 Texas, 623.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—As stated in our former opinion, Mrs. Garcia was not in any manner a party to the partition of the land between Guiterez and Lehman. The latter had a partition of the land with Guiterez, and had one-half of it set apart to him by virtue of the deed that he had received from Mrs. Garcia and Josefina Jewett. We hold that the instrument executed by Mrs. Garcia and her husband was intended to be a deed, and not a power of attorney. Any expression in it authorizing Lehman to make a partition of the land was mere surplusage. He had that right by virtue of the deed. Lehman treated it as a deed to him, and had the portion of the land belonging to Mrs. Garcia and Josefina Jewett set apart to him.

There is no testimony that shows adverse possession by Guiterez as to appellants. Guiterez was a tenant in common of the land with the mother of appellants until her death, and then with her children, and there is no testimony to show that there had ever been a repudiation of the rights of his cotenants by Guiterez. The only testimony relied on by appellee to show adverse possession upon the part of Guiterez was the testimony of his son Santiago, who stated that his father had lived on the land during his life-time, had put shanties on it, had paid taxes on it, and had told him that he claimed all of it. This testimony did not show adverse possession as to the cotenants. It is presumed that the possession of one cotenant is in subordination to, and by authority of,

the common title. To establish possession on his part adverse to that of his cotenants, the evidence must establish clearly and unequivocally a repudiation of the rights of his cotenants. There must be more than possession and payment of taxes, or the placing of improvements on the land. These are circumstances which, with others, might go to show adverse possession, but taken alone they are not sufficient. Alexander v. Kennedy, 19 Texas, 488; Philipson v. Flynn, 83 Texas, 580. In the last case cited, it is said: "The acts relied upon by the tenant in common in showing an ouster of his cotenants and the assertion of an adverse claim should be more certain and unequivocal in character than would be necessary in ordinary cases where there is no privity of estate between the parties claiming the property; and in order to affect the cotenants with this adverse holding, notice of such fact must be brought to them either by information to this effect given by the tenant in common asserting the adverse right, or by such acts of unequivocal notoriety in the assertion of such adverse and hostile claim that they will be presumed to have notice of such adverse right." The claim of Guiterez expressed to his son at some indefinite period did not give notice of adverse possession. Says the Supreme Court in Moody v. Butler, 63 Texas, 210: "No secret intention on their part, nor intention expressed to third parties, but not brought to the knowledge, or presumed knowledge of Moody's heirs, could give the appellees the benefit of an adverse possession, or one hostile to their intention." The facts here uncontradicted did not show adverse possession; and whatever probative force and effect they may have had was effectually removed by the admission by Guiterez, in the deed of partition, that one-half of the property belonged to the heirs of his sister. "It has been held that acts and declarations made by claimants of land after a possession for sufficient time to bar the owner are admissible to show that such possession was not adverse." Bracken v. Jones, 63 Texas, 184, citing Church v. Burghandt, 8 Pick., 327. As bearing upon the subject of limitations, as applied to one cotenant against another, we refer also to Teal v. Terrell, 58 Texas, 257; Gilkey v. Peeler, 22 Texas, 663, and Flanagan v. Boggess, 46 Texas, 330.

The evidence failing to show that Guiterez held the land adversely to the appellants, it will not be necessary to go into any discussion as to the privity existing between his title and that of appellee. In his deed of partition he simply recognized Lehman as standing in the place of Mrs. Garcia and Josefina Jewett.

The motion for rehearing is without merit and is overruled.

*Overruled.*