SMITH v. PATRICK et al.   (No. 11839.)*

Court of Civil Appeals of Texas. Fort Worth.
June 18, 1927.

Rehearing Denied July 16, 1927.

1. Guardian and ward ⬅➡95—Guardian's application for sale, order, and report of sale in county court held to authorize sale only of portion of minor's interest in realty.

Guardian's application for sale, order, and report of sale in county court *held*, when construed together, to authorize sale only of portion of minor's interest in real estate.

2. Courts ⬅➡200¼—County court in probate matters is not clothed with power to divest minor of interest in land (Rev. St. 1925, art. 1906).

The county court sitting in matters of probate is not clothed with power to divest minor of any interest in land, though such interest may be ordered sold on due application and approval of a necessity therefor; since district court deriving authority under Rev. St. 1925, art. 1906, is the only court having jurisdiction to try cases involving title to land.

3. Guardian and ward ⬅➡32—Inventory by mother, guardian of minor, as to land in which both were interested held not conclusive against minor (Rev. St. 1925, arts. 4156, 4161).

Statement in inventory by mother and guardian of minor as to the extent of her own interest in land in which the minor also was interested *held* not conclusive against the minor, in view both of Rev. St. 1925, art. 4161, providing that guardian's inventories are not conclusive against ward, where other property should be included, and of subsequent inventory; article 4156 not giving to inventory the character of prima facie proof of their recitals.

4. Guardian and ward ⬅➡105(1)—Minor's recourse on bond of guardian who attempted to sell land without authority does not prevent recovery of property.

That minor has recourse on bond of guardian, who with authority to sell only part of his

interest in land assumed to sell his entire interest does not prevent his right to attack the sale and recover the specific property.

5. Guardian and ward ⬅➡100—Guardian's attempted sale of minor's entire interest in real estate under order authorizing sale of part held void as to remainder.

Guardian's attempted sale of minor's entire interest in real estate under order authorizing sale only of undivided part, *held* void as to the remainder, and subject to attack in collateral suit by the minor's subsequent guardian in trespass to try title.

6. Trespass to try title ⬅➡59—Award for improvements could not be made to innocent purchasers in suit in trespass to try title, in absence of evidence.

No award for improvements could be made in suit in trespass to try title to persons in attitude of innocent purchasers, on decree quieting title in minor against void sale, even though improvements were pleaded, where there was no evidence on the issue.

7. Appeal and error ⬅➡1177(6)—Reviewing court, reversing decree and quieting title against defendants would remand cause to permit determination of properly pleaded issues between defendants.

On reversal of a decree quieting title in a minor against persons claiming as purchasers under void deed of the minor's guardian to their grantor, the Court of Civil Appeals would remand the cause to permit determination of specially pleaded issues on warranties of title between the purchasers and their grantor.

Appeal from District Court, Young County; E. C. Thornton, Judge.

Trespass to try title by J. F. Smith, as guardian of Ray Franklin Smith, a minor, against J. H. Patrick and others, in which the Stephens-Roach Company was interpleaded. Judgment for defendants, and plaintiff appeals. Reversed and rendered in favor of plaintiff against defendants. Reversed and remanded for determination of issues between defendants and the Stephens-Roach Company.

Barker & Orn, of Cisco, for appellant.

W. L. Scott, of Olney, R. S. Morrison, of Archer City, L. C. Counts, of Olney, and Kay, Akin & Kenley, of Wichita Falls, for appellees.

CONNER, C. J. J. F. Smith, as guardian of Ray Franklin Smith, a minor, instituted this suit in the regular form of a suit in trespass to try title to recover for the benefit of said minor a 4/10 interest in lots 1, 2, 3, and 4 in block 25 of the townsite addition to Olney, Tex. The defendants J. H. Patrick and others, claiming parts of such property, but not necessary to here name, answered by a general demurrer, a plea of not guilty, and specially to the effect that the defendants had acquired the property in controversy from the Stephens-Roach Company, a corporation or-

⸻

ganized under the laws of the state of Texas, paid therefor a valuable consideration, and said corporation was interpleaded. The Stephens-Roach Company appeared and answered by a general demurrer, a general denial, and a plea of not guilty. Certain of the defendants also pleaded warranties of title and improvements in good faith, to which reference will later be made.

Upon the conclusion of the evidence, the trial court gave a peremptory instruction in favor of the defendants, in accordance with which judgment was rendered, and from which judgment the plaintiff guardian has duly appealed to this court.

The evidence, which we think controlling in this case, is undisputed. It is to the effect that the lots in controversy were acquired in 1911 by deed duly conveying the same to one T. F. Smith, the father of the minor, during his marriage with Amy E. Smith, and that said property belonged to the community estate of said parties. Previous to January 8, 1918, T. F. Smith died, and his surviving wife, Amy, who in the meantime had intermarried with one Fisher, had been appointed, and had duly qualified as, the guardian of the person and estate of Ray Franklin Smith, and had returned into the county court of Young county an inventory of "all the property, real and personal, belonging to the estate of her said ward that has come to her knowledge, which she has caused to be appraised." The inventory specifies the following property:

"Lots Nos. 1, 2, 3, and 4 in block No. 25 in the town of Olney as shown by the subdivision map of the Olney Townsite Company, valued at $500, the guardian having an equity of $400 in said property, and the ward a one-half undivided interest in and to the remainder, leaves the ward's interest valued at $50."

The property thus returned appears to have been duly appraised on the same day by A. J. Cantwell, Webb Wallace, and Wilbur Hunt. The inventory and appraisement was "in all respects approved" by the county judge of Young county on the same day. Thereafter, on January 9, 1918, Amy Fisher, as guardian, presented to the county court the following application to sell the property of the minor to wit:

"No. 616. Guardianship of Ray Franklin Smith, a Minor. In the County Court of Young County, Texas. January Term, A. D. 1918.

"To the Honorable Judge of Said Court:

"(1) This application of Amy E. Fisher, guardian of the person and estate of Ray Franklin Smith, a minor, would respectfully show that there is no personal property belonging to the said estate of Ray Franklin Smith, her ward, that there is no real estate belonging to said estate except a wagon yard in the town of Olney, Tex., the value of which the appraisers appointed by your court has fixed at $500; that the land whereon the wagon yard is situated is not worth more than $200, and the ward has only one-fifth interest in

same; that the improvements on same are practically worthless, and, if the same is kept up and used for the purposes for which it was built, it would be necessary to spend about $500 for immediate improvements, after which it is extremely doubtful if the same could be rented for enough to bring 5 per cent. interest on the investment.

"(2) Your applicant would further show that it would be more advantageous to the estate of said ward to sell said estate and reinvest it in better property or loan the money out at interest on good security; and further that she can now sell said property for the sum of $500 in cash.

"Wherefore she asks the court for an order authorizing her to make sale of the above-described land, and that all further and necessary orders be made in the premises.

"Amy E. Fisher."

On the 18th of January, the court entered the following order upon the application:

"No. 616. Guardianship of Ray Franklin Smith, a Minor. In the County Court of Young County, Texas. January Term, A. D. 1918.

"On this the 18th day of January, A. D. 1918, came on to be heard in the guardianship of Ray Franklin Smith, a minor, the application of Amy E. Fisher, guardian of the person and estate of said minor, for sale of real estate belonging to the said minor; and, it appearing to the court that due notice of said application has been given, as required by law, and that the same has been filed herein for at least five days, and it further appearing to the court that the chief value of the property mentioned in the application for sale lies in the improvements which are going to ruin, unless a considerable amount is expended on said property, and it further appearing that said ward has no money with which to make the said improvements, and that it would be to the best interest of the said estate to have said property sold and the proceeds invested for said minor:

"It is therefore ordered, adjudged, and decreed by the court that the said Amy E. Fisher, guardian as aforesaid, sell lots Nos. 1, 2, 3, and 4 in block No. 25 in the town of Olney, Tex., one-tenth of which belongs to said ward, Ray Franklin Smith, for the sum of $500 for the whole land, which would give $50 for the interest belonging to said ward, all for cash, and that she make due report of said sale at the present term of this court in accordance with law. W. P. Stinson, County Judge, Young County, Texas."

As shown in the statement of facts, the report of sale thus reads:

"Dated: January 17, 1918.
"Filed: January 18, 1918.
"Recorded: Vol. ——, page ——.
"Probate Minutes, Young County, Tex.
"No. 616. Guardianship of Ray Franklin Smith, a Minor. In the County Court of Young County, Texas, This 17th Day of January, A. D. 1918.
"To the Hon. W. P. Stinson, Judge of Said Court:
"Now comes Amy E. Fisher, guardian of the said minor, Ray Franklin Smith, and respect-

fully shows to the court that, in obedience to an order of this court made and entered in said guardianship on the 18th day of January, A. D. 1918, she sold at private sale on the 18th day of January, A. D. 1918, at Olney in the county of Young, the said tract of land fully described in said order of court, to wit:

"Lots Nos. 1, 2, 3, and 4, in block No. 25 in the town of Olney, Young county, Tex., and that the Stephens-Roach Company, a corporation, became the purchaser of said lots above described for the sum of $500, one-tenth of said amount of which belongs to said ward, he having only a one-tenth interest in and to said land.

"Said land or lots was sold in obedience to said order of court made on the 18th day of January, A. D. 1918, and the purchaser is ready to comply with said terms of sale whenever the same shall have been confirmed.

"Amy E. Fisher.

"Subscribed and sworn to before me this the 18th day of January, A. D. 1918.

"[Seal] J. H. Wood, Notary Public,
"Young County, Texas.

"(Abstractor's note: Attorneys' receipt book shows papers taken out of Clerk's office, January 31st, 1918, at which time they had not been recorded; were returned for record October 11, 1924.)"

Pursuant to the order of sale above noted, it further appears that Amy E. Fisher, "for herself and as guardian of the estate of Ray Franklin Smith," joined by her husband, F. M. Fisher, conveyed by regular warranty deed the lots in controversy to the Stephen-Roach Company, a corporation, for the sum of $500 cash in hand. The deed makes no reference to the order of sale or the report thereon, nor does it specify the interest of the minor in the property conveyed. The statement of facts fails to disclose any confirmation of the report of the sale returned into court by Amy E. Fisher until a nunc pro tunc order entered in the county court on the 10th day of February, 1925, upon the motion of J. H. Patrick, one of the vendees claiming under the Stephens-Roach Company. It further appears that Amy E. Fisher was later discharged as guardian of the minor, and appellant in this case was duly appointed and qualified as her successor.

[1] Error is assigned to the action of the court in giving the peremptory instruction, and we think the assignment must be sustained. It is stated in the brief of appellant, and orally on the submission of the case, that the trial court based its instructed verdict on the ground that this action constitutes a collateral attack upon the order of the probate court, but we think the proper construction of the inventory filed by the guardian, Amy E. Fisher, the application to sell, the court's order granting the motion, and the report of sale, when construed together, show in legal effect that a sale of only a one-tenth interest of the minor in the lots in controversy was authorized. If such construction be correct,

there was left in the minor a four-tenths interest in the property in controversy unaffected by the court's order. It is undisputed that the minor named, together with his mother, Amy E. Fisher, née Smith, inherited the whole of the property belonging to the community estate, the mother inheriting under our statute of descent and distribution, one half and the minor the other half—a five-tenths interest.

[2, 3] The district court is given jurisdiction to try all cases involving title to land (article 1906, Rev. Statutes of 1925), and it is the only court with power to try questions determinative of title. The county court, sitting in matters of probate, is not clothed with power to divest a minor of any interest in land rightfully belonging to him. True, such interest may be ordered sold upon due application and approval of a necessity therefor, but in the case before us the application of the guardian and the returned inventory disclosed but a one-tenth interest, and we can but think that it was in the mind of the court that only a one-tenth interest in the lots in controversy was ordered sold. We cannot think that the statement of the guardian in her inventory and application to sell, to the effect that she had an "equity" of $400 in the property, is conclusive as against such minor. The record fails to disclose any satisfactory basis for such a claim, no formal or specific claim of the kind appears to have been presented to the court for allowance and no adjudication had thereon, even if it be admitted that the county court had power to render such an adjudication. Article 4161, Rev. Statutes of 1925, provides that inventories of guardians are not conclusive evidence against the ward, if it be shown that there is other property belonging to the ward which has not been included. Judge Simpkins, of the University of Texas, in his work on "Administration of Estates," pages 20–22, says:

"A probate court cannot adjudicate title to property. While the probate court may correct an erroneous inventory, yet it could not do so where it involved title. Not even an application of an heir to force an administrator to inventory property, which is claimed by the administrator. Nor an issue whether property is community or separate property of the wife.

"In adjusting title and ownership to property in the hands of the representative of an estate, the rule is that the owner of the beneficial interest in real or personal estate may maintain the suit in the district court to recover it. In suits of this character there is really no interference with the orderly administration of the estate of the probate court, but simply to determine the right of the administrator to administer the interest sued.

"Interests in real estate especially are accompanied with some character of title which a probate court has no jurisdiction to determine.

"So in cases where there are disputes as to title there are questions which should be settled in the district court."

The same author, on page 581, says:

"The guardian nor his heirs, executors, administrators or assigns can dispute the right of the ward to property that shall have come to his hand as guardian, except such property as shall have been recovered from the guardian, or there be a personal action pending on account of it."

[4] The case of Pace v. Fishback, 10 Tex. Civ. App. 450, 31 S. W. 424, is one where the probate court ordered the sale of a lot, and by a subsequent order one-half of the lot was ordered sold. The report of sale showed a sale under the last order, but the deed was to the whole lot. It was held in that case that only half of the lot passed. It has been suggested in behalf of appellee that, inasmuch as the guardian assumed to sell the whole of the property in controversy, the whole of the minor's interest passed, and that the minor's remedy was by recourse on the bond of the guardian.

In the case of Hampton v. Hampton, 9 Tex. Civ. App. 497, 29 S. W. 423, it was held that the fact that the ward has recourse on the guardian's bond does not interfere with his right to have the sale set aside, or attack the sale, and recover his property.

[5] In the case of Loving v. Clark (Tex. Civ. App.) 228 S. W. 590, it was held, in effect, that article 3480, Rev. Statutes, providing that no sale of any property belonging to an estate shall be made by an executor or administrator without an order of the court authorizing the same, applies also to guardianship proceedings, and, in the absence of an order of the probate court authorizing the sale, it is void, and may be attacked in a collateral proceeding, citing numerous authorities. The order of sale by the court is the only authority for its conveyance, and the interest ordered sold is the only interest that passes. A case similar to the one under consideration is that of Schaeffer v. Williams, 208 S. W. 220, decided by the San Antonio Court of Civil Appeals, writ of error denied by the Supreme Court. That was an action of trespass to try title brought by Williams against Schaeffer, to recover an undivided 77/128 interest in certain lands. The guardian conveyed to Schaeffer only 8/28 of the land. The guardian made application to sell "the interest which the said minor has in and to the real estate belonging to the estate of Henderson Williams, deceased, as one of the heirs at law of said Henderson Williams." An order of sale was granted to sell "the interest which the said minor has in and to the real estate belonging to the estate of Henderson Williams, deceased, as one of the heirs at law of said Henderson Williams." There was an order confirming the sale of the "ward's interest in the estate of her father, Henderson Williams, deceased." The deed conveyed "all the right, title, claim, or interest which my said ward, Martha Williams, has in or to the lands and real estate of Henderson Williams, deceased." As a matter of fact, the minor child had inherited part of the land from her father, and part of the land from a posthumous child, and further inherited part of the land from her mother. The defendants purchased the land, and took possession of the entire tract, claiming to have purchased all the interest owned by the minor, Martha Williams, no matter from whom she inherited it. The court held that it was not a collateral attack to bring an action in trespass to try title; that the order of sale only conveyed that interest which the child inherited from her father, and therefore the only property that could have been sold was that interest which descended to her through the death of her father. It was said by the court:

"The statute requires the land to be described in the order of sale so as to identify it. * * *

"While indefiniteness of the description of land in an order of sale might not invalidate the sale, if the land might be identified by it, still when the description is as clear as in this case we have seen no authority sustaining the view that other land might be shown different from that described in the order. * * *

"By decisions of courts the application for sale may be missing and a confirmation not shown, and still the sale be sustained; but an order of sale is always essential. Being the essential part of the proceedings for a sale, its recitals are of vast importance, and in this case the order makes it explicit that the estate of the minor authorized to be sold is her interest in 'the estate of Henderson Williams, deceased, as one of the heirs at law of said Henderson Williams' * * *

"Following the rule sought to be enforced through the second assignment of error that of construing the guardian's deed in connection with the orders of the court, nothing is evidenced except what is clearly expressed in the order of the court. * * *

"The power of the guardian to sell the property of his ward must depend solely upon the authority granted by the order of sale, and if he sells different property from that for which the order was given, a confirmation of that sale could give no vitality to his action in selling. The order of confirmation must follow the order of sale, and that is what was attempted to be done in this case; for it is stated that a report had been made of a sale 'in accordance with an order heretofore made in the matter of this estate,' and any inconsistency with the description in the order of sale must give way to it."

The same rule is stated in 28 C. J. p. 1194, as follows:

"A sale and conveyance of a ward's property or interest passes title to such property or interest only as the court could direct to be sold, and such only as described in the order of sale."

We conclude that 4/10 interest of the minor, Ray Franklin Smith, did not pass by the conveyance of his then guardian to the Stephens-Roach Company, and that the appellant guard-

ian, as such, is entitled to recover said $\frac{4}{10}$ interest in the lots described in the appellant's petition as against all defendants in the suit.

[6, 7] The record further discloses that one or more of the defendants pleaded improvements in good faith, but no evidence whatever was offered on this issue. So that, if in any event it could be said that they were not affected with notice of the defects appearing in their chain of title, and hence in the attitude of innocent purchasers for valuable consideration, no award for improvements could be made, at least as against the appellant guardian or his ward, because of such entire want of evidence to sustain the issue. The record also discloses that one or more of the defendants as purchasers from and under the Stephens-Roach Company set up and prayed for recovery upon warranties of title contained in conveyances to them. But, in view of the lower court's disposition of the case, we deem it just to the defendant appellees claiming the benefit of such warranties to reverse the case in part, to the end that the rights of the parties thus claiming the benefit of the warranties may be adjudicated in the trial court.

It is accordingly ordered that the judgment below be reversed and here rendered in favor of appellant as guardian against all appellee defendants for a $\frac{4}{10}$ interest in and to lots 1, 2, 3, and 4 in block 25 of the Olney townsite addition in Young county, Tex., together with all costs of suit in this court and in the court below. But that as to said appellee defendants and said Stephens-Roach Company the case is reversed, and the cause is remanded for determination of the issues presented by the pleas of warranty.

### On Motions for Rehearing.

The appellee J. H. Patrick and the appellee Stephens-Roach Company have each presented motions for rehearing.

We think the questions presented in the motion of the appellee J. H. Patrick are sufficiently disposed of in our original opinion. This motion will accordingly be overruled without discussion.

As to the motion of the appellee Stephens-Roach Company we think that the prima facie effect given by article 4156 and 4161, Rev. Statutes of 1925, cannot be held to apply to the recitation in the mother's inventory that the minor's undivided half interest in the property therein described was burdened with an "equity" in favor of the guardian "of $400"; thus leaving the minor's interest $\frac{1}{10}$ only. The "claim" was in hostility to the minor, and he not in court with opportunity to contest, or, if so, in a court having jurisdiction to determine the claim. At most, the recitation was a mere conclusion; no fact being stated from which the law would imply and fix the equity asserted. As already in-

dicated, we do not think the statutes invoked give to such recitation in an inventory the character of prima facie proof of the facts recited. Moreover, the subsequent inventory of the plaintiff's guardian and the evidence, to which no objection was made, abundantly overcomes any prima facie effect that may be ascribed to the recitations in the inventory returned by the minor's mother.

Nor do we feel prepared to say that the case should be reversed as to the appellant minor in order to determine the question of improvements in good faith. Only two of the defendants and appellees, to wit, F. L. Childress and Mona Lowery, pleaded improvements in good faith, and the prayer for the recovery thereof was only against J. H. Patrick and Mattie L. Patrick, their grantors. The answer of the appellee Stephens-Roach Company was by demurrer, a general denial, and a plea of not guilty. And the Stephens-Roach Company is now the only appellee seeking a reversal for the purpose of adjudicating the question of alleged improvements in good faith. As stated in our original opinion, no evidence whatever was offered that improvements have been made, and we cannot say from the record that there are such. We think the rule stated in the case of Wilson v. Wilson, 35 Tex. Civ. App. 192, 79 S. W. 839, is to be applied. At page 840 of that report (35 Tex. Civ. App. 194) the court said:

"The burden of proof was upon the appellant to establish by the evidence the questions of value referred to, and, having failed to do so, there was no basis in the evidence upon which the jury could have predicated a verdict for improvements."

But, if so, this suit was one in trespass to try title, and distinguishable from the case cited by the appellee Stephens-Roach Co. of Whitman v. Power, 103 Tex. 232, 125 S. W. 889. In that case there was one in which there was a prayer for partition. The case here was prosecuted upon a petition in trespass to try title with no prayer for partition on the part of plaintiff or any defendant, and we think it will be time enough for the settlement of equities arising out of improvements in good faith, if any, when and if the parties in interest undertake a partition. In Kesterson v. Bailey, 35 Tex. Civ. App. 235, 80 S. W. 97, it is said:

"This action was brought for the entire tract, and plaintiffs have recovered an undivided half, and were found to be tenants in common with defendants. There was no prayer for partition, hence there has been and can be no adjudication in this cause as to defendants' right to improvements which are ascertainable only in partition proceedings. We may here state that, if a partition of the land could be fairly made, so as to give defendants that portion containing all, or, if not all, then as far as practicable the substantial portion, of the improvements made by them, this they would be entitled to regardless of the question of good faith. * * * It seems to us that the judg-

ment in this case ought not to have the effect of cutting off the above right in some future suit for partition. * * *"

Again it is said in the case of Garcia et al. v. Illg, 14 Tex. Civ. App. 482, 37 S. W. 471:

"As plaintiff in error can only recover a part of the land in controversy, the question of the value of the improvements for which they might be held responsible can only be determined in partition, as it may be that, on an equitable division of the land, no improvements would be allotted to plaintiff in error"—citing Yancy v. Batte, 48 Tex. 46; Johnson v. Bryan, 62 Tex. 623.

We conclude that both motions for rehearing should be overruled.