FRANCIS M. BLYTHE AND OTHERS v. BENNETT EASTERLING AND OTHERS.

It is too well settled by repeated decisions of this Court, to be longer regarded as an open question, that at the period of the death of Charles Baird (1838) his heirs, being aliens, (citizens of Alabama,) could not inherit his estate; (and the Constitution of the Republic and the Act of 1840 in favor of alien heirs did not remove such disability.)

A deed to A, administrator of B, which recites that the grantor had previously sold the land to B, and conveys the land to A as part of B's succession, shows plainly on its face that it was made to A in trust for the heirs of B.

A deed to an administrator relates back to the time of the descent cast, and an heir who had not capacity to take at that time, cannot claim under said deed, although by a change of the law such incapacity was removed before the date of the deed.

Appeal from Washington. Tried below before the Hon. R. E. B. Baylor.

Suit by appellees, Bennett Easterling, Frances E. Easterling his wife, and Josephine Baird, all citizens of Autauga county, in the State of Alabama, as heirs-at-law of Charles Baird, deceased, against Francis M. Blythe, to recover a quarter of a league of land, parcel of a league originally granted to E. D. Jackson. Edwin H. Winfield and Ann H. Winfield his wife, became defendants instead of Blythe, who was their tenant. The cause was submitted to the Judge without a jury, upon an agreed statement of facts, which, as far as necessary for this report, was as follows:—

Charles Baird came to Texas in the early part of the year

1833, and was often heard to declare his intention to become a citizen of Texas, and was considered by all who knew him, as a citizen. He died in November, 1833, leaving a widow and daughter, the present plaintiffs. Charles Baird had purchased of E. D. Jackson the quarter of a league of land for which this suit was brought; no written title was made to him by Jackson; but on the 7th May, 1838, said Jackson by deed poll reciting the consideration of $500 to him in hand paid, conveyed "to John P. Coles, administrator of Charles Baird, deceased, which is a part of the succession of said deceased," this same land. The deed also recited that the land had been sold by the grantor to said Charles Baird, deceased, in his lifetime, and warranted the land to said Coles as part of the succession of said Baird.

Alexander Vernon, under whom defendants claimed, purchased from Mayberry B. Gray, on the 7th October, 1835, a quarter of a league originally granted to said Gray, adjoining the Jackson quarter of a league on the west side. Mrs. Winfield was the widow of said Vernon, and defended in behalf of herself and her children by Vernon. Vernon improved and occupied, in 1835, at a place which proves to be about three hundred yards over the line on the Jackson quarter of a league; and he and his heirs continued to occupy and possess the premises until the present time. It was Vernon's impression, and it continued to be the opinion of persons in the neighborhood, until a short time before the filing of this suit, that defendant's improvements were all on the Gray quarter of a league. There was no conflict in the surveys.

On this statement the Court gave judgment for the plaintiffs for the Jackson quarter of a league. The pleadings had not confined the controversy to the land covered by defendant's improvements.

This appeal was taken in 1854, and the briefs filed same year.

The following paper, signed by the counsel of both parties, was filed in this Court, Dec. 4th, 1855:—

In the transcript of record filed in this case, it not appearing conclusively that Frances Easterling and Josephine Baird were non-residents of Texas at the time of the death of Charles Baird, at the time of the conveyance to Coles, and at the time of the institution of the suit; it is now admitted, and is to be taken as part of the statement of facts, that said plaintiffs were, at the periods above mentioned, citizens of the State of Alabama, one of the United States.

*J. Willie,* for appellants. I. The deed from Jackson to Coles conveyed no right whatever. By the law at that time an alien could not take by purchase. See authorities cited in Holliman v. Peebles. An alien by the Constitution of the Republic was absolutely incapacitated from holding land, except by deed directly emanating from the Government. The conveyance therefore which attempted to confer this forbidden right was void as being in contravention of law, the organic law of the land. (Hunt's Heirs v. Robertson's Heirs, 1 Tex. R. ; Brien v. Williamson, 7 How. Miss. R. 14; see also 1 Binn. R. 110; 4 S. & R. 151 ; 5 Johns. 327.)

II. The verbal sale to Baird was not accompanied by delivery of possession; but even if a good sale, the heir could not take by descent, being then an alien. (Iams v. Yates, 10 Tex. R. 168.)

It is altogether unnecessary to discuss the point made by the appellees, that they are within the saving provision of the Constitution and law respecting alien heirs ; because the descent, if they could claim by descent, was cast in 1833, and the heir and widow were aliens; the Constitution had no retrospective operation, and if it had been so intended, the benefit was not claimed within nine years.

There can be nothing more manifest than that all the equities of the case are in favor of the defendants, and the plaintiffs ought to be held to a strict rule in establishing their right.

*B. E. Tarver,* for appellees. I. The objection that the plaintiffs are aliens is not tenable. It is admitted that appellees resided at the date of the deed to Coles as administrator, and have continued to reside, in the State of Alabama. It is decided by this Court, in Cryer and Wife v. Andrews et al., (11 Tex. R. 170,) that the act of Annexation made all citizens of the United States citizens of Texas, and of course abrogated the nine years' restriction on aliens. (Hart. Dig. Art. 585.) The case above cited is decisive of this case. It may be necessary that the Court should, in this case, decide the point, which, though raised, was not decided in Cryer and Wife v. Andrews et al., viz: whether Art. 585 Hart. Dig. took effect from its passage only, or related back to the time of descent cast.

II. The objection made to the deed from Jackson to Coles is fully discussed in Burleson v. Burleson, (11 Tex. R. 2,) a case precisely analogous to this.

WHEELER, J.   It is too well settled by repeated decisions of this Court, to be longer regarded as an open question, that at the period of the death of Charles Baird, (1833,) his heirs, being aliens, could not inherit his estate. (Holliman v. Peebles, 1 Tex. R. 673; Yates v. Iams, 10 Tex. R. 168; Bacon v. Hornsby, *supra.*)

The deed of the 7th of May, 1838, from Jackson to Coles, as administrator of Baird, shows plainly upon its face that it was made to Coles, in trust for the heirs of Baird. (Soye v. McCallister, 18 Tex. R. 80; Soye v. Maverick, Id. 100.)   The plaintiffs derive their title by descent from their ancestor, Baird; and as it must relate back to the time of the descent cast, when, by the law in force, they, being aliens, could not inherit his estate, it is plain the present action cannot be maintained.

The judgment must therefore be reversed, and the cause remanded.

                              Reversed and remanded.