## NANCY BEATY ET AL. v. E. T. CLYMER.

### Decided April 27, 1903.

**1.—Limitations—Life Estate—Possession by Tenant for Life.**

Limitation does not run against the remainderman during the life of a holder of the life estate, his possession not being adverse and no right of action accruing to the remainderman until his death.

**2.—Same—Conveyance of Life Interest.**

Where one owning an undivided one-third interest for life in a tract of land conveyed all her interest in the tract by a deed of a specific one-third of the land by metes and bounds, the possession of the grantee was not adverse to the remaindermen, prior to the termination of the life estate by death, so as to support a claim by limitation.

Appeal from the District Court of Hunt. Tried below before Hon. H. C. Connor.

*W. P. McBride,* for appellants.

*J. G. Matthews* and *Finley & Knight,* for appellees.

RAINEY, CHIEF JUSTICE.—Action of trespass to try title brought by appellants against appellee. Defendants plead the general issue and statutes of limitations of five and ten years.

*Conclusions of Fact.*—1. The land in controversy was the separate property of Elias Atkinson, who died in 1859, leaving a widow, Christiana Atkinson, and Nancy Beaty and Mary Anderson, two daughters, as his only heirs at law. Christiana Atkinson, the widow, married Josiah McAdams in 1861, and died in November, 1900.

2. Elias Atkinson, who died in 1859, at the time of his death, was the owner, in common with two brothers, of the William Atkinson survey of 640 acres, each of the brothers owning 213 33-100 acres of the land, which was at the time undivided.

3. The plaintiffs are the only heirs of Elias Atkinson, and are entitled to recover unless they are defeated by the statutes of limitation, or are estopped from now claiming the land.

4. Christiana Atkinson, the surviving wife of Elias Atkinson, married Josiah McAdams in 1861, and on the 5th day of October, 1863, she and her husband, Josiah McAdams, conveyed the land in controversy to J. M. Clymer by warranty deed describing the land by metes and bounds and reciting that it was all the right, title, interest and claim that they have in the Atkinson survey of land.

5. The parties made the following agreement: "In this case it is admitted by the plaintiffs and defendants that J. M. Clymer took immediate possession of the land in controversy, claiming the same under his deed from Josiah McAdams and wife, Christy Anna McAdams, at the date of the deed from them to him, on to wit, October 5, 1863,

claiming the same under said deed, and that he continued in peaceable adverse possession of the same and paying the taxes on the same, claiming the same under his deed from the said Josiah McAdams and wife, duly recorded in the office of the clerk of the County Court of Hunt County, Texas, from the date of his purchase until he conveyed the land to O. B. Waller, and that Waller, upon purchasing said land, at the date of his deed, on to wit, August 17, 1869, without delay went immediately into possession of the said land under said deed from Clymer to him duly registered, and that he held the peaceable and adverse possession of the same, using and enjoying, cultivating the same and paying the taxes thereon, and claiming the same under his deed from Clymer, from the date of same until he sold the land to E. T. Clymer, and that said E. T. Clymer, the defendant herein, immediately after his purchase from Waller, went into possession of said land, and has had the peaceable and adverse possession of the same from the date of his deed, to wit, November 21, 1894, until the filing of this suit, cultivating, using and enjoying the same and paying the taxes thereon and claiming same under his deed from Waller, which is duly registered in the office of the county clerk of Hunt County, Texas, all of the above deeds registered about the time of their dates, and did all things necessary to be done under the five and ten years statutes of limitation, if limitation would run in this case."

6. In 1879 suit for partition of the William Atkinson survey was brought by the two brothers of Elias Atkinson, to wit, Henry and Jesse Atkinson, against Christiana McAdams and her husband, Josiah McAdams, and Mary Atkinson, the mother of plaintiffs, who afterwards married Anderson, and Nancy Atkinson, one of these plaintiffs, which partition decree set apart the north third of the 640 acres of which the land in controversy is a part to Mary Atkinson and Nancy Atkinson, subject to the life estate of the mother, Christiana McAdams, in one-third of the same, as the heirs of Elias Atkinson; that neither Clymer nor Waller were parties to the suit and were not mentioned in the records.

7. Mary Atkinson and Nancy, the two daughters, afterwards sold and conveyed the remaining portion of the land owned by Elias Atkinson at the time of his death, that is, on the 2d day of November, 1876, the plaintiff, Nancy Beaty and her sister, now deceased, joined by the husband of the deceased sister, conveyed to L. H. Marshall and O. L. Marshall 71½ acres of the same by deed describing the same as "beginning at a stake in the timber on the northern boundary line of the original survey, 635 varas east of the N. W corner; thence south with Waller's E. B. line 635 varas to a stake in prairie; thence east 635 varas; thence north 635 varas, thence west 635 varas to the beginning."

8. On the 14th day of June, 1881, the plaintiff, Nancy Beaty, sold the east 71½ acres to C. A. Swinson.

*Conclusions of Law.*—Limitation does not run against the remain-

derman during the life of the holder of a life estate. Cook v. Caswell, 81 Texas, 678; Gaven v. Bynum, 17 Texas Civ. App., 180; Gindrat v. Railway, 19 Law. Rep. Ann., 839, and notes; Woods on Lim., 3 ed., sec. 259. Under our statute limitation does not begin to run until a right of action accrues. Christiana McAdams had a life estate in the land in controversy, and this she had a right to enjoy during her life to the exclusion of appellants. This estate she had a right to dispose of, and when she sold to J. M. Clymer her deed only carried with it her interest therein, which was a life estate, and those claiming under her had, as against appellants, the exclusive right of possession and use thereof during her life, and such possession was not adverse. Appellants were not entitled to possession. They had no right of entry. Therefore no cause of action had accrued in their favor, and hence they were powerless to act until the death of Christiana McAdams, which occurred in 1900. During the life of Christiana McAdams the law did not require the appellants "to look after the estate, the presumption being that the tenant in possession holds by such conveyance as the tenant for life had a right to give." Jackson v. Maucius, 2 Wend., 357. It follows that the acts of Christiana McAdams and those claiming under her in holding possession of the land, using and enjoying the same did not affect appellants' rights during the life estate.

Appellants having no right of entry before the falling in of the life estate, and the possession of those claiming under Mrs. McAdams being consistent with her life estate, appellants were not estopped from asserting their title to the land.

The judgment of the court below is reversed and judgment here rendered for appellants.

*Reversed and rendered.*

ON REHEARING.

Mrs. Christiana McAdams, upon the death of her first husband, Elias Atkinson, was seized to the extent of a life estate of an individual one-thrid in the interest of Elias Atkinson in the William Atkinson survey of 640 acres, which interest was an undivided one-third of said survey. Her deed only purports to convey her interest in the William Atkinson survey. That interest was only a life estate in a portion thereof, as stated, and which interest, when expressed in acres, was equivalent to the amount she conveyed to J. M. Clymer. The defendant claims under said deed, and as the interest conveyed was only a life estate, the possession of those claiming under Christiana McAdams was only adverse to the extent of the interest conveyed. Christiana McAdams having conveyed a specific portion as all of her interest, she was estopped from asserting claim to any portion of the balance, and such action on her part worked a partition as to her interest, if the other owners saw proper to acquiesce therein. This it seems they did, for they assumed

control of the other portion and conveyed it to other parties. Eaton v. Tallmadge, 24 Wis., 217.

It is insisted, however, that appellants did not convey any of the other portion until limitation had run sufficient time to perfect title in appellee. In our opinion, as adverse possession, under the facts, could only relate to the life estate, it could only prevail against appellants to the extent of barring a claim, had they asserted any, that the life estate did not cover the whole of the land conveyed by Christiana McAdams.

We are still of the opinion that appellants are entitled to the land, and the motion for rehearing is overruled.

*Overruled.*