W. A. KESTERSON ET AL. V. JOHN W. BAILEY ET AL.

Decided March 16, 1904.

**1.—Will—Child Unborn—Estate in Remainder.**

A clause in a will bequeathing a tract of land to the testator's wife and at her death to a child then unborn, held to vest an estate in remainder in the child upon its being born alive.

**2.—Limitation—Remainder Interest—Life Estate.**

The statute of limitation does not begin to run against persons claiming under a tenant in remainder until the death of the tenant for life,—holding under the latter not being adverse to the remainderman.

**3.—Same—Pleading.**

In answering to a plea of limitation those claiming under one who had an estate in remainder are not required to plead any exception which would prevent the running of the statute of limitation, since persons having a life estate in the land had the right of possession by virtue thereof and their possession was not adverse to those entitled to the remainder.

**4.—Heirs—Remainderman.**

A half brother, born after the death of one owning a remainder in land, is not an heir of such remainderman; the estate in remainder vested in the existing heirs of the latter at her death.

**5.—Tenants in Common—Improvements—Partition.**

The recovery by tenants in common of an undivided half interest in land, without partition, does not affect the claim of the tenants in possession for improvements; under subsequent proceedings for partition defendants should be awarded the half containing improvements made by them, or as much of them as practicable, regardless of the question of good faith.

**6.—Improvements in Good Faith—Statutory Plea.**

Good faith is alike indispensable to the statutory plea of improvements where plaintiff recovers an undivided interest or when he recovers it all.

**7.—Practice on Appeal—Objection to Evidence.**

Objections to the admission of evidence, in order to be considered on appeal, should state the exact ground upon which the evidence is objected to.

ON MOTION FOR REHEARING.

**8.—Will—Unborn Child—Contingent Remainder—Rule in Shelley's Case.**

The rule in Shelley's case does not apply to a devise of a contingent remainder to the child en ventre sa mere of the devisee of the life estate, though described as her heir; the estate in remainder vests in such child, if born alive, and passes to its heirs upon its death.

Appeal from the District Court of Camp. Tried below before Hon. J. M. Talbot.

*E. A. King* and *Morris & Crow,* for appellants.

*M. M. Smith* and *W. B. Heath,* for appellees.

JAMES, CHIEF JUSTICE.—Item second of the will of Elijah Bailey, who died in September, 1866, reads: "I give and bequeath to Edna Y. Bailey, my wife, the tract of land in which I now reside known as the Dean place containing 409 acres of land, more or less, and I give and bequeath also that at the death of Edna Y. Bailey, my wife, said land be and the same are hereby set apart for a child which be unborned, which be the heir of Edna Y. Bailey, my wife, child not yet bornd."

The child was born about a month after Elijah's death, which was named Gertrude, and which died when nine months old.

In order to determine the first question raised, viz., the construction of said clause, it is not necessary to state the facts further than that appellants hold the land from and under the mother, and the title of the parties depends on whether or not the mother took the fee or only a life estate, appellees, who are the plaintiffs, claiming under the child Gertrude, upon the theory that the latter owned the remainder. We are of opinion the trial court was correct in holding that the child, being born alive, took a vested estate in remainder. Simonton v. White, 93 Texas, 55.

The judgment was for plaintiffs for an undivided half of the land, the mother inheriting from the child the other half. The fourth assignment is that the court erred in giving judgment for plaintiffs, since the undisputed facts show defendants had acquired title to all by limitations. The mother lived until December 13, 1901, and this action was begun on April 26, 1902. The statute did not begin to run, as the right of action did not accrue, until her death. Beaty v. Clymer, 75 S. W. Rep., 540, and cases cited. It is argued under this assignment that plaintiffs did not, in reply to the plea of limitations, plead any exception which would prevent the running of the statute. This was not necessary, for if Mrs. Bailey and her assignees, the defendants, had a life estate in the land, they had the right of possession by virtue thereof and their possession was not adverse to those entitled to the remainder.

The fifth assignment is that the court erred in rendering judgment for plaintiffs for so much of the land as belongs to Ben W. C. Russell, a son of Edna Y. Russell (by a subsequent husband), who was a half brother of Gertrude, under whom plaintiffs claim and recover as her heirs, since defendants hold the title in part of Ben W. C. Russell, and any further interest he may have in said land is an outstanding title in him, and he was as much an heir of Gertrude as any one of the plaintiffs.

It appears that Ben W. C. Russell was born of a marriage which took place after the death of Gertrude. The latter title was vested, and was inherited by those upon whom descent was cast at the time of her death. Blythe v. Easterling, 20 Texas, 565; Hornsby v. Bacon, 20 Texas, 556.

The sixth assignment refers to the denial of any allowance for improvements in good faith.

This action was brought for the entire tract, and plaintiffs have recovered an undivided half, and were found to be tenants in common with defendants. There was no prayer for partition, hence there has been and can be no adjudication in this cause as to defendants' right to improvements which are ascertainable only in partition proceedings. We may here state that if a partition of the land could be fairly made

so as to give defendants that portion containing all, or if not all then as far as practicable the substantial portion of the improvements made by them, this they would be entitled to regardless of the question of good faith. Mahon v. Barnett, 45 S. W. Rep., 26; Tevis v. Collier, 84 Texas, 640. It seems to us that the judgment in this case ought not to have the effect of cutting off the above right in some future suit for partition.

The plea of improvements interposed here was the statutory one, in order to sustain which good faith in making the improvements is indispensable. The plea is applicable alike when plaintiff recovers an undivided interest in the land as where he recovers it all. Thompson v. Jones, 77 Texas, 626.

We may pretermit the question whether or not defendants' possession under the circumstances was adverse in the meaning of this statute regarding improvements.

Nor are we prepared to say that the terms of this will were so clear as to charge defendants with knowledge that they had only a life estate, hence we do not attempt to rest this question upon what is decided in Elam v. Parkhill, 60 Texas, 581, and Clift v. Clift, 72 Texas, 147.

The court found against defendants as to good faith upon evidence which admitted of the finding.

It appears from the seventh assignment that the court allowed John W. Bailey and A. M. Bailey to testify that Edna Y. Russell and her second husband, while in possession of the land, made statements to the effect that they claimed only a life estate under the will. The bill of exceptions does not in terms state the ground of the objection, but it is inferred therefrom that the objection was that such evidence was inadmissible because it was not shown that defendants were present when the statements were made, nor that they had any knowledge of them before they bought. When we give the bill this effect it conflicts with the statement of facts which was filed during the term, and on the same day the bill of exception was, and which states the objection to have been because "the will was in writing and was the best evidence and can not be contradicted." The only issue which said testimony could have materially affected, as we think, was defendants' good faith in reference to improvements. There was other testimony from which the court could have found the want of good faith. The case was tried by the court, and in the absence of testimony that defendants knew of these statements before they made the improvements, it is not at all probable that the court gave them any effect in passing on that issue. However, defendants would not be entitled to have the judgment reversed for error in admitting the evidence, because of its possible effect on that issue, unless the record shows without ambiguity that it was objected to for that reason. If what is recited in the statement of facts be true no such objection was made to it, and the record at best leaves it in doubt. McMichael v. Truehart, 48 Texas, 220. If the court admitted the evi-

dence with reference to the objection shown in the statement of facts, it did no harm upon that theory, the court having properly construed the will from its terms.

.We are of opinion that there is no error in the judgment, and that it should be affirmed. But inasmuch as defendants, while tenants in common with plaintiffs, improved the land, they are entitled in a partition of the property (that matter not being involved in this action) to the benefit of such improvements regardless of the question of good faith. If the partition can be equitably made in kind so as to give them land containing their improvements as far as practicable, we think the judgment ought to be without prejudice to such right. But all questions concerning improvements in good faith under the statute and dependent on good faith are adjudicated by the present judgment. Modified and affirmed accordingly.

*Modified and affirmed.*

### ON MOTION FOR REHEARING.

NEILL, ASSOCIATE JUSTICE.—The word "heirs" is essential to justify the application of the rule in Shelley's case, just as it is at common law to create an ordinary estate in fee simple. Thus, the rule does not apply when the limitation is to such persons as would be entitled to take from the life tenant by descent. Handy v. McKean, 64 Md., 560, 572, 4 Atl. Rep., 125; Hofsass v. Mann, 74 Md., 400, 22 Atl. Rep., 65; Hardage v. Strope, 58 Ark., 303, 24 S. W. Rep., 490. Nor does it apply when the word "heirs," in the phrase "heirs of the body," is used in the sense of children, and as a word of purchase. Carrigan v. Drake, 36 S. W. Rep., 354, 15 S. E. Rep., 339; Tyler v. Moore, 42 Pa. St., 371, 17 Atl. Rep., 216; Jackson v. Jackson, 127 Ind., 346, 26 N. E. Rep., 897. When applied to wills the rule is not allowed to override the manifest and clearly expressed intention of the testator, but the intention will always be carried into effect if it can be ascertained. McIlhenny v. McIlhenny, 137 Ind., 411, 37 N. E. Rep., 147.

The principle upon which the rule in Shelley's case rests, as illustrated by the authorities cited, excludes its application to a case like this, where the remainder is devised to an unborn child of the devisee of the life estate, though the child is spoken of in the will as the heir of such devisee. In the present case the manifest intention of the testator was that after the death of his wife the remainder of the estate in fee simple should go to her unborn child.

The distinction between vested and contingent remainders is this: In the first, there is some person in esse, known and ascertained, who, by the will of deed creating the estate, is to take and enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder no contingency can defeat. In the second, it depends upon the happening of a contingent event whether the estate limited as

a remainder shall take effect at all. The event may either never happen, or it may not happen until after the particular estate upon which it depends shall have determined, so that the estate in remainder will never take effect. 2 Washb. Real Prop., 224. A child en ventre sa mere will not be regarded as a child born, unless he is born alive, and though he be regarded, by a fiction of law, as in esse when such *being* is for the benefit of the unborn child, yet if he is never born alive he can not take property under a will or transmit title by inheritance to another.

It would seem therefore to follow that the remainder in the present case was contingent upon the unborn child mentioned in the will being born alive. Had such contingent event never happened, then it may be, as is contended in this motion, that Mrs. Edna Y. Bailey would have taken under the will an estate in fee simple. But such event did occur; and upon the birth of the child the estate in remainder ceased to be contingent and became as much a vested estate in remainder as it would have been had the child Gertrude been born and living when the will was made and the testator died. Therefore upon Gertrude's birth the title to a life estate was in her mother, and the remainder in fee simple in herself. This vested remainder, though the land never came into the actual possession and enjoyment of its owner, was an estate of inheritance, and upon Gertrude's death descended to her heirs as found by the trial court. The motion is overruled.

*Overruled.*

Writ of error refused.