PERKINS v. PERKINS. (No. 6550.)

(Court of Civil Appeals of Texas. Galveston. April 7, 1914. Rehearing Denied April 30, 1914.)

1. ADVERSE POSSESSION (§ 62*)—HOSTILE POSSESSION—HOMESTEAD RIGHT.

Where the widow had a right of homestead, her possession was not adverse to the brother and only heir of decedent, who had no right of possession and could not have recovered possession, and her claim of ownership of the whole of the property did not affect her right to its use and occupancy as a homestead; and hence the brother was not required to sue within ten years after knowledge of defendant's claim to prevent it from ripening into a title.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 324–327, 329–332; Dec. Dig. § 62.*]

**2. BASTARDS (§ 104*)—PROPERTY—INHERITANCE.**

Under the express provisions of Rev. St. 1911, art. 2473, children of the same mother inherit from each other without regard to whether their parents were legally married.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 251, 257–262; Dec. Dig. § 104.*]

**3. PARTITION (§ 46*)—PARTIES—INTEREST.**

In partition by the brother and only heir of deceased against his widow claiming a right of homestead, parties having no interest in the property should not have been made parties to the suit.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 114; Dec. Dig. § 46.*]

**4. PARTITION (§ 85*)—ISSUES—IMPROVEMENTS.**

Where plaintiff in partition had no right to recover possession of his one-half interest and hence no right to partition, the issue of defendant's improvements in good faith could not be determined in a suit.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 236–245; Dec. Dig. § 85.*]

**5. JUDGMENT (§ 712*)—PARTIES CONCLUDED—PERSONS NOT PARTIES.**

Even if the probate court had jurisdiction of the question of title to land and such title had been put in issue by pleadings thereunder, its judgment that the fee-simple title therein vested in deceased's widow would not be binding on a surviving brother and heir who was not a party to that suit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. § 712.*]

**6. PARTITION (§ 74*)—FORM OF JUDGMENT—EXCEPTION OF HOMESTEAD RIGHT.**

Though plaintiff in partition failed to establish the defendant's abandonment of her homestead right, and hence was not entitled to partition, it was proper for the court to determine the issue of defendant's asserted title to all the property, so that a judgment decreeing title to each of the parties, but denying plaintiff's right to partition so long as defendant might occupy it as a homestead, was proper.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 209; Dec. Dig. § 74.*]

**7. HOMESTEAD (§ 145*)—ABANDONMENT—OFFER TO SELL.**

A widow's offer to sell the property was not an abandonment of her homestead rights therein.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 268, 277, 280, 285; Dec. Dig. § 145.*]

**8. HOMESTEAD (§ 145*)—ABANDONMENT—REMOVAL.**

The fact that a widow was not living on the property was not an abandonment of her homestead rights, where she had not acquired another home.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 268, 277, 280, 285; Dec. Dig. § 145.*]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Partition by Alexander Perkins against Laura R. Perkins. Judgment for plaintiff, subject to defendant's homestead, and defendant appeals. Affirmed.

James B. & Charles J. Stubbs, of Galveston, for appellant. Stewarts, J. E. Quaid, and Edward F. Harris, all of Galveston, and Harris & Harris, of Houston, for appellee.

PLEASANTS, C. J. This is a suit for partition of lot No. 10 in the southwest block of outlot No. 113 in the city of Galveston, brought by the appellee against the appellant. The petition alleges that plaintiff is the owner of an undivided one-half of said lot and that the defendant owns the remaining one-half. The prayer of the petition is for judgment establishing plaintiff's title and for partition of the lot, or its sale and partition of the proceeds of such sale, equally between plaintiff and defendant. In addition to a general denial and plea of not guilty, defendant pleaded limitation of three, five, and ten years, and improvements in good faith made. She also pleaded that the lot had been set aside to her in fee simple by a decree of the district court of Galveston county on December 13, 1902, in a suit in said court which had been appealed thereto from the county court of said county, and she claimed title by virtue of said decree and by limitation. Plaintiff filed a supplemental petition, the substance of which we copy from appellee's brief, as follows: "That the property was the separate estate of Albert Perkins, who died intestate and without issue September 8, 1900, leaving surviving his wife, defendant herein, and his brother, plaintiff herein, and no other heirs. That same was occupied by defendant and her said husband as homestead at the date of death of said Albert, who was drowned in the storm of September 8, 1900, at which time all improvements were destroyed. What was known as a relief committee donated a house which was erected on said lot just after the storm and became a part of the real estate. Defendant continued to occupy the property as homestead for several years and was entitled to such occupancy as the surviving widow. On or about January 1, 1912, defendant removed from and abandoned said premises as homestead and left Texas, whereupon plaintiff became entitled to have partition. That defendant has since her removal collected $350 rents which plaintiff pleads as an offset to defendant's claim for improvements. That limitation did not run on account of defendant's right of occupancy of homestead. That about January 1, 1912, defendant attempted to sell and did enter into a contract whereby she attempted to sell the entire property, though she only owned a one-half interest therein. That it is necessary that plaintiff secure a judgment establishing his right of record to a one-half interest in the property. That defendant is charged with the duty of paying taxes during her use and occupancy, but has permitted taxes to accumulate to the extent of $200. That the lot is 43 feet 10 inches wide, by 120 feet long, and incapable of partition, as to divide same into two parts would destroy the value of each part. Plaintiff prays judgment for his one-half interest, for accounting, for pay-

ment of taxes, and for partition, and in the alternative, should partition be refused, plaintiff asks that he have judgment establishing his title to an undivided one-half interest." In answer to this petition defendant filed supplemental answer reiterating her pleas of limitation and of title under the decree of the district court of Galveston county and her plea of improvements in good faith. She further expressly denies that she has ever abandoned the property as her homestead. After hearing the evidence, the trial court instructed the jury to return a verdict in favor of plaintiff for an undivided one-half interest in the property, in favor of defendant for the other one-half, and in favor of defendant on her claim of homestead. Upon the return of this verdict, judgment was rendered in accordance therewith decreeing title to an undivided one-half of the property to each of the parties, but denying plaintiff's right to partition so long as defendant may continue to use the property as her homestead.

The record discloses the following facts: The property in controversy was acquired by Albert Perkins on February 20, 1893. Subsequent to his acquisition of the property, he married the defendant Laura Perkins, and it became their homestead and was occupied by them as such until the storm of 1900, when all of the improvements were destroyed and Albert lost his life. Soon after the storm, the defendant, with the assistance given her by the relief committee, placed other improvements thereon, and the property, though rented for much of the time since the second improvements were placed thereon, has not been abandoned as homestead by the defendant. She has been out of the state for her health five or six times and had remained away for a year or two at a time. She had offered to sell the property, but did not intend to abandon it as a homestead unless she could sell it upon satisfactory terms. She has acquired no other home. When she was not living on the place herself, it has been rented and occupied by her tenants. It was vacant sometimes for a month or so between the going out of one tenant and the coming in of another, but with this exception it has been continuously occupied by the defendant or a tenant under her for more than ten years before this suit was brought. Defendant has claimed title to all of the property at all times.

There is evidence tending to show that plaintiff, who assisted in improving the place in 1901 after the storm, knew that defendant claimed title to all of the property. Defendant has paid all taxes due on the property from 1900 to 1912 inclusive, but the taxes were not paid each year as they accrued. She has spent $400 or $500 in improving the property, and the improvements placed thereon by her are worth said amount. After the death of Albert Perkins a former wife of his, from whom he had been divorced, qualified as administratrix of his estate. A probate proceeding in the county court involving the claim of said divorced wife to an interest in an insurance policy left by Albert, and claims of defendant for homestead and allowance in lieu of exempt property and for a year's support, was appealed to the district court of Galveston county. Upon this appeal the district court entered a decree adjudging the divorced wife $400 out of the proceeds of said insurance policy and adjudging the remainder of said proceeds to defendant as allowance in lieu of exempt property and for a year's support, and further decreeing "that lot number ten (10) in southwest quarter of outlot number one hundred and thirteen (113) and improvements in the city and county of Galveston, Texas, which was the homestead of decedent and his wife, Laura Perkins, be and the same hereby is set apart to, and fee-simple title therein vested in said Laura Perkins as and for her homestead." Plaintiff is a full-brother of Albert Perkins; they having been born of the same father and mother, both of whom are dead. The father of plaintiff and Albert had another son, George Perkins, who was not a son of the mother of plaintiff and Albert. George is now dead and has left several children who are now living. George, Albert, and plaintiff were all born in slavery and their parents were slaves. It is not shown that their father lived with either of the women, by whom he begot the sons named, as his wife until his or her death, or that he was so living with either of them on August 15, 1870. Plaintiff and Albert Perkins were the only children of their mother. Albert left no children.

[1] The first assignment of error presented in appellant's brief assails the action of the trial court in instructing a verdict for the plaintiff on the ground that the evidence raised the issue of title in defendant by limitation to all of the property in controversy and that issue should have been submitted to the jury.

The assignment is without merit. If it be conceded that the evidence was sufficient to sustain a finding that defendant's claim of ownership of all of the property was known to plaintiff for more than ten years before the suit was brought, that such claim was continuous during all of said time, and that defendant's possession was continuous during said ten years, no title by limitation could be acquired by her because her possession of the property as a homestead being lawful was not adverse to plaintiff. The defendant's claim of ownership of the whole of the property did not affect her right to its use and occupancy as a homestead, and plaintiff could not because of such claim recover possession of any part thereof. This being true, his title would not be lost by his failure to sue within ten years after he received notice of defendant's claim.

The case is not like that of a tenant in

common who repudiates the title of his co-tenant. Iu such case the tenant in possession has no right to the possession of the whole of the premises as against his cotenant, and, when he repudiates the rights of his cotenant and takes possession of the whole, the cotenant can sue and recover possession of that portion of the property owned by him.

Plaintiff having no right of possession in this case, he was not required to bring suit in order to prevent defendant's claim ripening into a title. There can be no difference in principle, so far as limitation is concerned, between the possession of one holding under a homestead right and the possession of a life tenant, and it is well settled that limitation will not run against a remainderman in favor of the life tenant, or one claiming under him during the life of such tenant. Cook v. Caswell, 81 Tex. 678, 17 S. W. 385; Millican v. McNeill, 102 Tex. 189, 114 S. W. 106, 21 L. R. A. (N. S.) 60, 132 Am. St. Rep. 863, 20 Ann. Cas. 74; Covan v. Bynum, 17 Tex. Civ. App. 180, 43 S. W. 319; Beaty v. Clymer, 32 Tex. Civ. App. 322, 75 S. W. 540; Meurin v. Kopplin, 100 S. W. 984; Kesterson v. Bailey, 35 Tex. Civ. App. 235, 80 S. W. 97.

[2] The fact that the evidence fails to show that the father and mother of plaintiff and Albert Perkins were legally married does not affect plaintiff's right to recover. Plaintiff and Albert, being children of the same mother, would inherit from each other without regard to whether their father and mother were legally married. Article 2473, Revised Statutes; Berry v. Powell, 47 Tex. Civ. App. 599, 105 S. W. 345.

[3] The half-brother, George, not being a child of the mother of Albert, did not inherit from him, and his children, having no interest in the property, should not have been made parties to this suit.

[4] The plaintiff having no right to recover possession of his one-half of the property, and no right of partition, the issue of improvements in good faith could not be determined in this suit, and the trial court properly so held.

It is hardly necessary to notice appellant's claim of title under the decree of the district court of Galveston county before set out, and we do not understand that counsel for appellant contend that this decree vested any title in appellant.

[5] The probate court had no jurisdiction of the question of title, and the appeal from that court to the district court could not confer upon the latter court jurisdiction to hear and determine such question. In addition to this, it does not appear that any question of title was raised by the pleading in that proceeding. But if the court had had jurisdiction of the question and the title to the property had been put in issue by the pleading, plaintiff, not having been a party

to the suit, would not be bound by the judgment.

[6] Plaintiff, having failed to establish the abandonment by the defendant of her homestead right in the property, was not entitled to partition, and, if defendant had only asserted her homestead right and had not by affirmative pleading claimed title to all of the property, the proper judgment would have been that plaintiff take nothing by his suit. In such case the judgment in favor of defendant would not have been an adjudication of the question of title. But when defendant, in addition to her homestead claim, asserted title to all of the property, it was proper for the court to determine that issue. A judgment against defendant on her claim of title to all of the property would have been sufficient, but we can see no objection to the form of the judgment rendered.

[7, 8] Appellee has presented a cross-assignment complaining of the judgment of the court refusing him partition of the property. The assignment is too general in its terms to require our consideration; but, if it could be considered, it could not be sustained. There is no evidence of an abandonment by defendant of her homestead right in the property. Her offer to sell the property was not an abandonment of her homestead rights therein, and it is well settled that the fact that she was not living on the property was not an abandonment of her homestead rights; she not having acquired another home. Foreman v. Meroney, 62 Tex. 723.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.