EVANS et al. v. GRAVES et al.

No. 13205.

Court of Civil Appeals of Texas.   Dallas.
Oct. 16, 1942.

Rehearing Denied Dec. 11, 1942.

a contingent remainderman, prior to the death of the life tenant. Except for such pleas. of limitation, appellants would be entitled to the land. Marshall S. Pulliam, the common source of title, died October 14, 1899, survived by his wife Anna S. Pulliam, there being no children. The widow, Mrs. Pulliam, died February 2, 1904, leaving a will which was duly probated; and which instrument contained the following provision relative to the property here involved: "The remainder of my estate, both real and personal it is my will and desire shall be equally divided between the children of my brother W. A. Evans of Bonham, Texas, with the reservation hereinafter named; that is, I desire that said estate and property be equally divided between James C. Evans, Mrs. Sue Smith wife of G. D. Smith now residing in Dallas, Texas, Mrs. Belle Agnew, wife of E. L. Agnew of Bonham, Texas, W. A. Evans, Jr., Mrs. Augusta Pritchett wife of E. H. Pritchett, Blanche Evans & Henry G. Evans. The reservation above mentioned being that portion given or allotted to H. G. Evans, being only a life estate, and only to be used and held by him during his natural life and at his death to go to his son, Andrew Evans, if he be living to be held and used by him for his own benefit during his natural life and after his death, if he have children of his own to vest in them; otherwise to revert to my estate and pass to the six other legatees, children of W. A. Evans above named."

In a partition suit brought July 29, 1904, by the beneficiaries named in above section of the will, to which Andy P. Evans (Andrew Evans), a minor, by his next friend and father H. G. Evans, was a party, the lands and premises herein were decreed to H. G. Evans and Andy P. Evans; the judgment (of date September 22, 1905) reciting: "It is therefore ordered, adjudged and decreed by the Court that the two first tracts of land herein described are the property of and belong in fee to the plaintiffs Ashley Evans, H. G. Evans, Andy P. Evans, Blanche Evans, Augusta Pritchitt, Belle Agnew and Sue Smith; and that the defendants to this suit nor either of them have no right, title, claim or interest whatever in or to the same and that the commissioners hereinafter named are ordered to partition and divide said land among said plaintiffs, quantity and quality considered in accordance with this de-

Cunningham, Lipscomb & Cole, of Bonham, for appellants.

E. W. Merritt and Luther Truett, both of McKinney, for appellees.

YOUNG, Justice.

This suit in trespass to try title was brought by appellants, Anna Douglas Evans and husband, plaintiffs below, for recovery of certain lands in Collin County; and judgment was rendered for defendants on the theory that limitation ran in their favor against said Anna Douglas Evans,

cree and the law, giving to Ashley Evans one-sixth thereof, to H. G. Evans and Andy P. Evans, one-sixth jointly, *according to the terms of the will of Anna S. Pulliam*" (italics ours) ; the later report of the commissioners, confirmed by the court, containing among other things the further recital: " * * * and in lieu of their interest in the several tracts of land mentioned in the decree of court to us directed and in compliance with the terms of the will of Anna S. Pulliam, deceased, we have set apart and allotted" to H. G. Evans and Andy P. Evans, jointly, "all the two certain tracts of land described as follows * * *"; (being the property in suit and consisting of 30.9 acres out of the Gragg Survey and 68.39 acres, Babb Survey, Collin County.)

On March 1, 1906, Andy P. Evans (the same person as Andrew Evans mentioned in the will), by general warranty deed, conveyed to his father H. G. Evans, in fee simple, the lands involved; and thereafter, H. G. Evans, by two deeds, dated December 14, 1910, and January 17, 1913, conveyed the same in fee simple to J. M. Graves; the instruments reciting $2,317.50 for the small tract and $2,051.75 for the other. Graves still owns the 30.9-acre tract, having improved it since his purchase, regularly paying taxes thereon; the remaining tract having been divided and sold to the other defendants, who, in turn, paid substantial considerations therefor, with improvements and due payment of taxes. All deeds described were duly placed of record.

Anna Douglas Evans, plaintiff, was the daughter of Andy P. Evans and granddaughter of H. G. Evans, grantor in the above mentioned Evans-Graves deeds. She was born September 29, 1906, her husband, D. J. Evans, having no blood kinship to the Evans beneficiaries under the Pulliam will. Her father, Andy P. Evans, died May 24, 1940, survived by his wife and one child, said Anna Douglas Evans; and this suit was filed June 1st thereafter.

Neither Andy P. nor H. G. Evans ever entered into actual possession of the lands; however, the latter's grantees (defendants herein) have been actual residents on the tracts since their purchase, improving and using same as already stated. Their claims of open, notorious adverse possession are supported by regular tax payments; except as to defendant Crockett, for the years 1932, '33 and '34, when the taxes were paid after delinquency.

Plaintiff, Mrs. Evans, through discussion with her attorney, R. T. Lipscomb of Bonham, admittedly obtained full knowledge of her rights and interest in the lands some eight years before filing of suit, together with the claimed adverse character of possession by all defendants under their fee simple deeds. The trial court found that plaintiff had constructive notice of these claims from the date of the various deeds and actual possession thereunder; followed by a conclusion of law that plaintiffs' cause of action was barred by the five, ten and twenty-five-year Statute of Limitations. The judgment based thereon was excepted to and appeal taken.

The points upon which review is sought may be briefly stated, viz: The trial court's error (1) in holding that limitation runs against a contingent remainderman during the life of the life tenant; (2) in holding the fee simple deed from the life tenant, and possession thereunder by his grantees, would start limitation against a contingent remainderman during the life of the life tenant; and (3), in holding plaintiffs' cause of action barred by aforesaid periods of limitation. Appellees' counterpoints in support of the judgment rendered are equally succinct, contending in effect that (1) a purported fee simple deed from the life tenant and possession by grantees therein would start limitation against the contingent remainderman even during the life tenancy, when the contingent remainderman could avail himself of a right to a cause or causes of action which would provide relief for his contingent interest, after having constructive and actual notice of said deed and adverse claims of grantees; for which reason, plaintiffs' right of action was barred by said five, ten and twenty-five-year Statute of Limitations; (2) asserting a binding effect against plaintiff of the 1905 partition decree "which vested fee simple title jointly in her father, Andy P. Evans, and her grandfather, H. G. Evans, who were life tenants under the will."

Appellees cannot be considered strangers or trespassers to the title asserted by appellant remainderman, for their claims are directly under and through the life tenants H. G. and Andy P. Evans and the will of Anna S. Pulliam, whose husband, Marshall S. Pulliam, was the common source. In this connection, it will be observed that

Mrs. Pulliam's will clearly provided that the one-sixth interest allotted to H. G. Evans should be a life estate, to be held and used by him only during his natural life; at his death, to go to his son Andy P. Evans, if living, and after the death of Andy P. Evans, if he have children, to vest in them. Otherwise, on death of the life tenants H. G. and Andy P. Evans, title should revert and pass to any surviving children of W. A. Evans. (Sec. 4 of the will). Andrew P. Evans was a married man and had a living wife at the time of his decease; thus, there was never an assurance of any title in plaintiff Anna Douglas Evans, other than as a contingent remainderman, until her father's death on May 24, 1940.

The applicable rule here involved is stated in Hensley v. Conway, Tex.Civ. App., 29 S.W.2d 416, 417 (citing numerous authorities), that "The statutes of limitation as to an interest in land, which one owns as a remainderman, subject to a life estate in another, do not begin to run in favor of one in possession until the death of the life tenant." Appellees concede the above general statement of law as applied to an uninterrupted continuation of the life tenancy; the rule being that during an ordinary life tenancy, a remainderman has no cause of action; but argue that an exception exists where the remainderman has an available remedy, or means of legally protecting himself, in which event, limitation would bar his rights even during the period of life tenancy. The remedy available in the instant case, as appellants contend, was an accrued right of action on at least two counts, (1) to construe the Pulliam will, or (2) suit to remove cloud from title to her future estate; and Howth v. Farrar, 5 Cir., 94 F.2d 654, is mainly relied on in support of the judgment in appellees' favor.

The terms of Mrs. Pulliam's will are plain and unambiguous, and there was no occasion for any proceedings to construe it. Concerning the suggested remedy of suit to quiet or remove cloud from title, we can pretermit a discussion of its adequacy to plaintiff, even assuming her right to institute such a proceeding as contingent remainderman. Though appellants might have been able to maintain a suit during the life estate to quiet title, yet she was not compelled to do so until a right of possession accrued. Restatement of the Law, Property, § 222, p. 902, states the rule generally applied; including states where, by statute, the action to quiet title or remove cloud is more comprehensive, in contrast to its limited application in Texas, by reason of the broad scope of our trespass to try title laws; Vernon's Ann.Civ.St. Art. 7364 et seq.; see Thomson v. Locke, 66 Tex. 383, 1 S.W. 112. Says Restatement, supra: "Frequently the owner of a future interest as such can establish his ownership by a suit in equity to quiet title or to remove a cloud upon title or by analogous statutory proceedings legal or equitable. It might be reasoned that this fact should require him to avail himself of these rights of action and that the statutory period should thenceforth run, not only upon these equitable and statutory proceedings, but also upon the action of ejectment which might be brought when the interest becomes present. However, these equitable and statutory proceedings are considered to be created for the additional protection of the owner of the future interest; and to hold that their existence causes the statute of limitations to run upon ejectment proceedings would in considerable measure reduce the protection accorded to the future interest holder when his estate becomes present. It is therefore immaterial in computing the statutory period in an action of ejectment or similar proceeding that, before the plaintiff's estate became a present interest, he could have brought suit to quiet title or to remove cloud on title or could have commenced a statutory proceeding analogous to one of these."

Appellees do not contend that one holding a future interest can sue in trespass to try title prior to termination of the life estate; for only upon that event could plaintiffs have maintained a possessory cause of action; Hensley v. Conway, supra.

Furthermore, under Art. 1290, Vernon's Ann.Civ.Sts., the deeds from H. G. and Andy P. Evans, though purportedly in fee simple, conveyed only their interest, and did not operate to defeat, impair, or in anywise affect appellants' estate in remainder. Beaty v. Clymer, 32 Tex.Civ. App. 322, 75 S.W. 540; Kennedy v. Pearson, Tex.Civ.App., 109 S.W. 280; Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366, writ refused; and the law thus limiting the Evans conveyances to a life estate, the remainder in question was not clouded thereby; rendering unnecessary any action to remove cloud or quiet title. Likewise,

both from recitals in the later partition decree and similar statutes, Arts. 6098, 6099, Vernon's Ann.Civ.Sts., H. G. and Andy P. Evans were not adjudicated a fee simple title to these lands. The cited Articles provide (6098): "When a partition is made between a joint owner who holds an estate for a term of years or for life with others who hold equal or greater estates, such partition shall not be prejudicial to those entitled to the reversion or remainder of such estates"; and (6099) "When any partition is made, each party to whom a share has been allotted shall hold the same in severalty under the same .conditions and covenants that it was held before such partition was made. No warranty, lease or right whatsoever shall be impaired or affected by such partition."

■ It logically follows that appellants' assignments must be sustained; for despite the fact that defendants have entered upon and continued in possession of lands, not in recognition of the remainder estate, but under warranty deeds of record from a life tenant, purporting a purchase and conveyance of the whole estate in fee simple, limitation against appellant remainderman did not commence to run until the death of her father, the life tenant; Cleaver v. Knighton, Tex.Civ.App., 127 S. W.2d 958; Griffin v. Reynolds, Tex.Civ. App., 107 S.W.2d 634; Rae v. Baker, supra; Olsen v. Greele, Tex.Com.App., 228 S.W. 927; and the following from Restatement, Property, § 222, p. 905, is pertinent: "* * * since the owner of the present estate is entitled to possession and the owner of the future estate is not, no adverse possession by the former against the latter is possible until the future interest becomes a present interest. It is immaterial that the present owner claims a larger interest under color of title, or informs the future owner that he claims an estate in fee simple absolute, or does both. The statutory period commences to run against the owner of the future estate as soon as such estate becomes a present interest, whether this occurs by expiration of the preceding estate by its own limitation or by the happening of some event causing the future estate to take effect as an executory interest." See Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S.W.2d 973; also Content v. Dalton, 122 N.J.Eq. 425, 194 A. 286, 112 A.L.R. 1031, and Annotations, page 1042, on the subject of "Adverse possession as against remainderman during life estate as affected by fact that conveyance by life tenant purported to cover fee."

To the extent of the conclusions just reached, it is evident that our views are similar to those expressed in the dissent of Judge Holmes in the Circuit Court appeal of Howth v. Farrar, 5 Cir., 94 F.2d 654, relative to an interpretation of the Texas appellate decisions on the subject discussed; with due respect and consideration, of course, for the reasoning of the able jurist who wrote that Court's majority opinion.

■ We do not render judgment against appellees however, but reverse and remand this cause by reason of the affirmative claim of defendant for improvements made in good faith.

Reversed and remanded to the trial court.

BOND, C. J., dissents.

BOND, Chief Justice (dissenting).

The instant case is analogous in principle and in fact to Howth v. Farrar, 5 Cir., 94 F.2d 654, with which I am in accord. Judge Hutcheson has there fully and correctly analyzed the Texas authorities that were deemed applicable; making unnecessary a further detail of my dissenting views here.

It is also my belief that Williams v. Pure Oil Company, 49 S.W.2d 846 (opinion by this Court), affirmed by Supreme Court, in 124 Tex. 341, 78 S.W.2d 929, is also in point, and generally supports the contention of appellees.

### On Rehearing.

YOUNG, Justice.

■ Appellees contend for the first time that H. G. Evans had owned in fee simple at least a fractional part of the lands involved, by virtue of paragraph 2 of the codicil to Mrs. Pulliam's will. No issue authorizing a finding to such effect was raised in the trial court, and the point has not heretofore been presented in this Court, or briefed. Upon remand of this cause, already ordered, the new matter may be a proper subject for determination by the trial court.

Appellees' motion for rehearing is overruled.